# Warrior Mfg. Co. *v.* Jones.

### *Action by Parent for Injury to Minor Child.*

(Decided April 16, 1908. 46 South. 456.)

1. *Parent and Child; Employment of Minor; Consent of Parent.*—The consent of a parent for the employment of a minor may be either expressed or implied from the conduct of the parents; and if a minor is employed for continuous work, it is immaterial that consent of the parents is wanting at the commencement, if it be subsequently given during the employment and before any injury to the minor occurs.

2. *Same; Injuries to Child.*—Where the minor was injured, in the absence of negligence of the master, the father cannot recover if he impliedly consented to his son continuing in the employment with knowledge of the dangerous character of the place where the minor was employed; and where the father was informed by the minor of his employment and the father knew of the dangerous character of the place where he was employed and made no objection, but warned the minor that the place in which he was at work was dangerous, and cautioned him to be careful, this was impliedly a consent by the father to the minor's continuance in the employment.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by John R. Jones against the Warrior Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The second count was without the lis pendens.—*Marbury Lbr. Co. v. Westbrook,* 121 Ala. 179; *1st Nat. Bank v. Nelson,* 139 Ala. 578. The charges requested by appellant state correct principles of law and should have been given.—*Central Foundry Co. v. Bennett,* 39 South. 574; *R. & D. R. R. Co. v. Elliott,* 149 U. S. 266.

WILLIAM VAUGHAN and J. W DAVIDSON, for appellee. Counsel discuss the assignments of error but without citation of authority.

DOWDELL, J.—The complaint as amended contained three counts, but we have only to consider the second count, as the first and third were eliminated from the case on rulings favorable to the appellant. The second count of the complaint charges that the defendant, while running and operating a sash, door and blind factory, "through its agents or foreman in charge thereof, wrongfully, without plaintiff's consent, caused plaintiff's minor son, Luke Jones, who was a member of plaintiff's family, to work in and about the running and operating of said factory, at a place which was highly dangerous to a person of his youth and experience, towit, inside of said factory." The gravamen of this count is that the defendant wrongfully and without the consent of the father caused the minor son to work in a dangerous place, towit, "inside of said factory." It is to be observed that in this the consent of the father to the employment by the defendant of the minor son is not negatived, nor is it averred that the particular work given the minor to do was a dangerous work, but simply that the place in which the minor son was caused to work was a dangerous place. It may be safely stated as a general proposition of law that consent to the doing of a thing may be either express or implied from conduct. It may

[Warrior Mfg. Co. v. Jones.]

also be stated as a safe proposition that where the doing of a thing is continuous in its nature, as for instance, under an employment of a minor for continuous work, it is immaterial that consent of the parent is wanting at the commencement, if such consent be subsequently given during the performance of the employment, and before any injury to the minor occurs.

On the trial the only evidence introduced was that by the plaintiff. This evidence without conflict showed that two days before the happening of the injury complained of, the plaintiff's son who was injured, a boy between 16 and 17 years of age, informed the plaintiff of his (the son's) employment, and that the plaintiff knew of the dangerous character of the place in which the son was employed to work, towit, inside of the defendant's said factory, and neither made nor offered any objection to the son's continuing in the employment, but at the same time warned his son that the place in which he was at work was a dangerous place, and cautioned him to be careful. From this undisputed evidence the fair and reasonable inference to be drawn, and it would be difficult to draw any other, is that the plaintiff consented to the son's continuance in the said work and employment. We think this evidence clearly shows an implied consent on the part of the father for the son's continuing in the work at the place in which it is alleged that the defendant caused him to work, and with full knowledge on the father's part of the dangerous character of the place. The injury complained of happening subsequent to such knowledge and implied consent on the plaintiff's part, and there being no question of negligence in the case, the plaintiff is without a right of action, and the court should have given the general charge requested by the defendant.

Under the issues in this case, and on the undisputed evidence, the principle stated in *Marbury Lumber Co. v. Westbrook,* 121 Ala. 179, 25 South. 914, where the minor, without the knowledge and consent of the parent, was put to other and dangerous work from that for which he was employed, has no application here. The judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.