# Tennessee C. I. & R. R. Co. *v.* Crotwell.

*Action for Damages for Injury to Minor Child.*

(Decided June 18, 1908. 47 South. 64.)

1. *Parent and Child; Injuries to Child; Burden of Proof.*—The burden is on the parent to establish by proof the allegations that her son was a minor, that he was employed without her consent, that the mine where he was put to work was dangerous, and that he was injured while so employed, such allegations being material.

2. *Same; Evidence.*—It cannot be inferred from the fact alone that a child employed in a mine was injured therein that such mine was a perilous and dangerous place.

3. *Same; Dangerous Employment; Risk Incident; Consent of Parent.*—A parent who acquiesces in the child's employment in a mine with knowledge of the kind of work that the child is doing, impliedly consents to the employment and is charged with having consented to the risk naturally incident thereto.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by M. D. Crotwell against the Tennessee C. I. & R. R. Co., for injuries to a minor son, alleged to have been employed without her consent, and put to work in a perilous and dangerous place. Judgment for plaintiff and defendant appeals. Reversed and remanded.

PERCY & BENNERS, for appellant. One who employs a minor child without the consent of his father, and without such consent places him to work at a dangerous place, or upon a dangerous work, is liable to the father for any injury suffered by the minor as the result of being placed at such work.—*Williams v. L. & N. R. R. Co.,* 91 Ala. 35, 9 So. 77; *Marbury Lumber Company v. Westbrook,* 121 Ala. 179, 25 So. 914; *Dimmick Pipe Works v. Wood,* 139 Ala. 282; *Woodward Iron Company v. Curl,* 44 So. 974. But such consent may be expressed or implied, or it may be by ratification as well as by permission, or it may be waived by acquiescense without objection in a long continued act.—*Potter v. Scranton Traction Co.,* 176 Pa. St. 271, 35 At. Rep. 188, 189; *Marbury Lumber Company, supra; Dimmick Pipe Works, supra; Woodward Iron Company, supra.* It is immaterial whether the employer be informed of the consent to the employment, the only question being whether that consent actually existed.—*Woodward Iron Company, supra.* The complaint should charge that the place where the minor was employed or the work he was put to do, was dangerous to that minor. A place may be dangerous to a young boy when it would not be to one of more mature years.—*Marbury Lumber Company, supra,* at 185. When error is made, injury is presumed to follow, unless the record affirmatively shows the contrary.—*L. & N. R. R. Co. v. Perkins,* 44 So. 602-604. Where a count is entirely without support in fact or

C 20

justifiable inference, the jury may be directed without hypothesis that there can be no recovery under that count.—*L. & N. R. R. Co. v. Perkins, supra.*

PICKNEY SCOTT, for appellee. No implied consent to work in the mine was shown in this case.—*Dimick Pipe Works v. Wood,* 139 Ala. 284; *Marbury Lumber Co. v. Westbrook,* 121 Ala. 179; *Williams v. South and North Alabama Railroad Company,* 91 Ala. 635. The complaint is sufficent.—*Woodward Iron Co. v. Curl,* 44 South. 974.

TYSON, C. J.—This action was brought by a parent to recover damages for injuries suffered by her minor son, who, it is alleged, was employed by defendant, without her consent, to perform work in its mine, which it is alleged was a perilous and dangerous place, and who, while in the performance of his duties, was injured.

The burden of proof was undoubtedly upon the plaintiff to substantiate the material allegations of her complaint. To this end she was under the duty of showing by some degree of proof that her son was a minor, that he was employed by the defendant without her consent, that the mine in which he was put to work by defendant was perilous and dangerous, and that he was injured while in the discharge of his duties under the employment. The testimony did establish that her son was a minor, of the age of 18 years, at the time of his injury, and that he was living with her, and in a measure providing for her support out of the wages received by him from the defendant under his employment. It also established that he was employed by defendant to work in its mine; but it was not shown that the mine was a perilous and dangerous place. Proof of this fact cannot be inferred from the injury alone. Furthermore, it ap-

[Tennessee C. I. & R. R. Co. v. Crotwell.]

pears undisputedly that her son had been at work in the mine for more than four months prior to his injury and that she knew it. She not only knew the fact that he was working in the mine during all this period of time, but also knew the kind of work he was doing and the wages he was being paid therefor. Indeed, she admits all this in her testimony, and also admits that her son gave to her the greater portion of his wages each month during his term of service. She also admits that she never at any time made any objection to the defendant company of its employment of her son, or to the work he was doing. It is true she did state that she never consented to his employment. By this she evidently meant that she did not in the first instance expressly consent to the employment. But whatever she may have meant by her bald denial, it cannot be construed to conflict with her other statements, which as matter of law show that she has acquiesced for at least a period of four months in the employment and the service being rendered by her son. It is of no consequence that she may not have known of the risk of injury to which her son may have been subjected in the performance of the work he was employed to do. She having impliedly consented, by acquiescense in his employment with a knowledge of the kind of work he was doing, she is charged, also with having consented to the risk naturally incident to such work.—*Dimmick Pipe Works v. Wood,* 139 Ala. 282, 285, 35 South. 885; *Warrior Manuf'g Co. v. Jones* 155 Ala. 379, 46 South. 456.

The affirmative charge, requested (by defendant, should have been given.

Reversed and remanded.                          ,

Dowdell, Anderson, and McClellan, JJ., concur.