## 2033. BRASWELL v. GARFIELD COTTON OIL MILL CO.

Where a father hires his minor son to an employer to do certain work, and the employer, without the father's consent, puts the son to a different and more dangerous employment, and the latter is injured, the father has a cause of action against the employer for the recovery of

such diminution in the value of the child's prospective services, between the date of the injury and the date of his attaining his majority, as the injury may have occasioned.

Action for damages; from city court of Swainsboro—Judge Mitchell.    May 26, 1909.

Argued November 18,—Decided December 10, 1909.

*Williams & Bradley,* for plaintiff.

*Saffold & Larsen,* for defendant.

POWELL, J.    Braswell sued the Oil Mill Company for the loss of the services (services during minority) of his fifteen-year-old son, who was injured by having his hand caught in cogs, while attempting to oil a portion of the machinery in the defendant's plant.    It is alleged that the boy was employed with the permission of the father (who received the wages) for the sole purpose of sacking cottonseed hulls, which was not a dangerous employment, and was afterward, without the father's consent, directed by the defendant's foreman to oil the machinery.    There are other allegations made for the purpose of showing negligence on the defendant's part, which would be peculiarly applicable if the suit were brought by the minor himself, or by the parent in the right of the minor; but as the court sustained a general demurrer, and as the parent's right to sue for the services up to the date of the minor's attainment of majority stands upon a different footing from cases of the class just mentioned, we will not state these additional allegations.

When a father hires his minor child to another, the contract of employment, as in general is true in cases of masters and servants, tends to define the reciprocal rights and duties of the relationship (see *Brown* v. *Rome Machinery and Foundry Co.,* 5 *Ga. App.* 142, 62 S. E. 720) ; and the father suing for the loss of services of his minor son, occasioned by injuries received pending the employment, is held to have assumed, through the contract by which he hired the child to the master, the risks of the particular employment included in the contract, to the same extent that the child would have assumed them if he had been an adult and had made the contract of employment himself.    But when the employer puts the minor to doing work not contracted for, the reason fails and the rule is different.

. Touching the services of an infant, it may be said, upon surest

footings of reason and of law, that the father has a property right. In the case of *Shields* v. *Yonge*, 15 *Ga.* 356 (60 Am. D. 698), the question is asked and answered: "May a father treat his minor son as his servant, and sue for an injury to the son, as for an injury to a servant? If the son be old enough to render service, the father may." This statement is cited and approved in *Amos* v. *Atlanta Ry. Co.*, 104 *Ga.* 809, 812 (31 S. E. 42). In *Lewis* v. *McAfee*, 32 *Ga.* 465, the Supreme Court decided that if one hired his slave to a railroad company for a particular service, and the latter used the slave for a different purpose of service and an accident happened, causing the slave's death, the railroad company was liable to the owner for the value of the slave; and the court, in the course of the opinion, places the case upon the old and well-recognized common-law proposition, that if the thing hired is used for a different purpose than that which was intended by the parties, or in a different manner, or for a longer period, "the hirer is not only responsible for all damages, but if a loss occurs, although by inevitable casualty, he will generally be responsible therefor." In this case, when the mill boss or superintendent put the plaintiff's son to the doing of work other than that for which he had been employed, and more dangerous, the mill company could no longer rely upon those contractual assumptions of risk by which it might otherwise have defended against the father's suit for personal injuries resulting from the dangers incident to the business. That an employer putting a minor child, without its parent's consent, to do work by which the child is injured, commits an actionable wrong, which will authorize the parent to recover for the loss of such service as he should have received pending the child's minority, is a principle almost universally recognized wherever the common-law prevails. See Union Pacific R. Co. *v.* Fort, 17 Wall. (84 U. S.) 553 (21 L. ed. 739), and cases cited in Rose's notes annotating this case. See also Labatt on Master and Servant, §21. In such cases it is entirely immaterial to consider whether the person who commanded the child to do the work outside the employment was a fellow servant of the child or not, provided he had the express or implied authority of the master to give directions as to where the servants should work. The general doctrine of respondeat superior makes an employer liable for the act of the boss, and, as between the parent and the employer, there is neither precedent nor reason

for declaring an exception to the general rule. Nor is the age of the infant directly or primarily material, except in so far as that it establishes the fact of his minority and of the parent's right to his services. Even in a case where the maxim volenti non fit injuria would bar the minor himself from recovering, the defense under the maxim can not be set up against the father; for the reason that his consent was to take the risk of danger resulting from one source, while the employer had exposed the child to a different and distinct danger. In the case of *Lewis* v. *McAfee, 32 Ga.* 469, it was held that the defendant could not plead the slave's contributory negligence. It is unnecessary for us to say whether such contributory negligence of the minor, child as would in a juridic sense be regarded as the proximate cause of the injury would be a defense to an employer in a case like the one before us; for if any such defense exists, it is essentially an affirmative defense and can not be raised by the demurrer, if the allegations of the petition do not make a patent case of such contributory negligence.

The doctrines which directly define the liability of employers for injuries received by employees while doing the work were not fixed or formulated in that period of English jurisprudence upon which we have based the jurisprudence of this State; for the first action in England against an employer for injuries to his servant was decided in England in 1837, long after the period as to which this State adopted the prevailing law in England as the general outline of its legal system; so that it has been necessary for the courts in the latter days to formulate these doctrines by applying the general common-law principles to the particular transactions as they appear from time to time in the cases brought against employers for injuries to employees. Practically all of what we call the law of master and servant consists merely in the specific application of general common-law doctrines to the concrete facts and relationships as they appear in the actions brought before the court. The case of one who engages from a parent a minor child for the purpose of a particular service is so similar in basal consideration to the case of one who hires a slave, a horse, a chattel, or any other thing of value from another for one purpose, and then uses it for another, as to make the general principle applicable in the familiar class of cases last mentioned likewise applicable to the case of the father when injury has resulted to him from the fact

that the son's services were diverted from what the original intention of the contracting parties was that they should be. For cases declaring the general rule of which the transaction now under consideration but presents a phase, see *Collins* v. *Hutchins,* 21 *Ga.* 270; *Malone* v. *Robinson,* 77 *Ga.* 719, 723; *Farkas* v. *Powell,* 86 *Ga.* 800 (13 S. E. 200, 12 L. R. A. 397); *Black* v. *Middle Ga. Ry. Co.,* 104 *Ga.* 561 (33 S. E. 404); *Amos* v. *Atlanta Ry. Co.,* 104 *Ga.* 809 (31 S. E. 42). *Judgment reversed.*