CASE 68.—ACTION BY JOHN HENDRICKSON AGAINST THE LOUISVLLE & NASHVLLE RAILWAY COMPANY.— March 11, 1910.

## Hendrickson v. L. & N. R. R. Co.

Appeal from Bell Circuit Court.

M. J. Moss, Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Parent and Child—Injuries to Child—Employment—Damages.—Where a railroad conductor in charge of a train permitted plaintiff's son, with knowledge that he was under age, to work as a brakeman in a service particularly hazardous, the conductor's knowledge that the son was rendering such service was the knowledge of the railroad company, and hence, while the son assumed the risk of the work in which he voluntarily engaged, his father, not having consented thereto, was entitled to recover from the railroad for care, attention, and loss of service because of the son's injury.

2. Parent and Child—Injuries to Child—Employment by Railroad Conductor.—Where a railroad conductor permitted plaintiff's son to work on a train as a brakeman, without plaintiff's consent and the conductor knew that the son was under age, it was not material to the railroad company's liability to plaintiff for care and loss of service in case of the son's injury, that defendant had furnished the conductor with a full crew, nor was plaintiff required to show that he objected to his son rendering the service; it being sufficient that it was done without plaintiff's consent and with knowledge on the part of the conductor that he was a minor.

O. V. RILEY and W. T. DAVIS for appellant.

BENJAMIN D. WARFIELD, CHARLES W. METCALFE and J. W. ALCORN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

John Hendrickson brought this suit against the Louisville & Nashville Railway Company. He alleged in his petition that he has a son, James E. Hendrickson, who is under 21 years of age; that the servants of the defendant in charge of one of its trains, knowing that his son was not of age, allowed and directed his son to render service on the train as a brakeman; that the service was hazardous and that all this was done without his knowledge or consent; that, while his son was acting in the capacity of a brakeman on the train, he was thrown from the train and injured; that by reason of his injury his son had been confined to his bed, requiring constant care, nursing, and medical attention; that he had thus been put to great care and expense in taking care of his son to the amount of $754, and had lost the service of his son which were reasonably of the value of $250. The defendant filed an answer, the first paragraph of which was a traverse of the allegations of the petition. The second paragraph was in these words: "For further defense it alleges that there was a full complement of men in charge of the train and there was no necessity for the employment or acceptance of the services or rendition of the service of the plaintiff's said son; that the conductor in charge of the train had no right or authority from this defendant to allow or suffer or permit or employ or accept the service of the plaintiff's son to get aboard said train or ride therein at the time or times mentioned in the petition, or at any time. Wherefore, defendant

prays to be hence dismissed with its costs." The plaintiff demurred to the second paragraph of the answer. His demurrer was overruled. The plaintiff stood by his demurrer, and, his petition having been dismissed, he appeals.

It is insisted for the defendant that the petition is insufficient, that the court should have carried the demurrer back to the petition, and that, therefore, the plaintiff cannot complain that the demurrer to the answer was overruled. It is said that the petition does not sufficiently charge that the conductor of the train knew that the son was not of age; but, if there was any defect in the petition on this subject, it was cured by the first paragraph of the defendant's answer. The averments of the petition are sufficient to show that the conductor had the son on the train acting as a brakeman. Whether or not the defendant is liable if the conductor had no authority to employ additional help, when he had a full complement of men, and there was no emergency calling for the employment of others, is a question raised by the demurrer to the answer. These matters were set out in the answer, and, if they constituted a defense to the action, the demurrer to it was properly overruled. The defendant relies on the case of Clark v. Louisville & Nashville Railway Co., 111 S. W. 344, 33 Ky. Law Rep. 797. That was a suit by Clark himself for his own injury, where he had been hurt on a train while assisting the train crew by their direction; and it was held that he had voluntarily assumed the service, and that he could not recover unless there was negligence on the part of the train crew. But this action is not brought by the son. It is brought by the father to recover for the injury done to him by the crippling of his son when his son was used as a brake-

man on the train, without his knowledge or consent,
and with the knowledge on the part of the conductor
that he was under 21 years of age. The court in
Cincinnati, etc., R. R. Co. v. Finnell, 108 Ky. 135,
55 S. W. 902, 22 Ky. Law Rep. 86, 57 L. R. A. 266, and
Thornton v. L. & N. R. R. Co., 70 S. W. 53, 24 Ky.
Law Rep. 854, decided as in the Clark Case, these
cases being suits by the infant to recover for his
own injury. But in L. & N. R. R. Co. v. Willis, 83
Ky. 57, 4 Am. St. Rep. 124, which was a suit by the
father to recover for the wrongful interference with
his infant son, a recovery was allowed. The court
stating the basis of the ruling said: "The conductor
knew from his appearance that he was under age, and
he received and used him. This was an exercise of
dominion and illegal control over him by the general
agent of the appellant at war with the father's
rights. The appellant can not shelter under the claim
that it did not know that the appellee objected to the
son rendering the service, since it was its duty to
know that the appellee was willing to it before it took
control of him. The duty of the father to educate
and maintain the son entitled the former to the son's
services, and placed him in the attitude of a master
to him, or created the relation of master and ser-
vant; and any interference with the master's right to
control the servant by another renders the latter lia-
ble at least for any injury that was likely to result
from such illegal conduct." It is true that in that
case there was only one brakeman on the train, but
the opinion was not rested on this fact in any way.
It was rested on the broader ground that there had
been a wrongful interference with the father's rights.
The same rule was applied in N. N. M .V. Co. v. Car-
roll, 31 S. W. 132, 17 Ky. Law Rep. 374. These de-

cisions follow the common-law rule which has long been recognized. See 29 Cyc. 1637, 1638, and cases cited. The conductor is the managing agent in charge of the train. While thus in charge of the train and having authority to control it, his act in taking and using the plaintiff's son upon the train as between the plaintiff and the railway company was the act of the railway company. The service of brakeman is peculiarly hazardous. The knowledge on the part of the conductor that the son was on the train and rendering service as brakeman was the knowledge of the defendant. The defendant could not with knowledge of the father's rights thus expose the son knowingly to the dangers of such a hazardous business without his consent. While the son took the risk of the work in which he voluntarily engaged, the father, who did not consent to it, was not affected by this. The conductor, knowing he was acting as brakeman and was an infant, knew there was an interference with the father's rights for the business was intrinsically hazardous; and, when with this knowledge he kept him in the dangerous business, the case is essentially the same as it would be if seeing the boy setting a brake and knowing the danger of his undertaking the work, he had signaled the engine to back up for the coupling as in the Carroll Case. When the managing agent of the defendant wrongfully takes charge of the servant of another, and, knowing his danger, permits him to be hurt, it can not escape liability to the master, because under its rules its agent was without authority to hire more men, when he had a full crew. The parent's rights do not depend on whether the conductor had a full crew or not. They rest on the ground that the conductor, who had charge of the train, knew of the wrong to the father's

rights and the danger in which the son was placed, and that his knowledge was the knowledge of the defendant.

The plaintiff need not show that the conductor knew that he objected to his son rendering the service. It is sufficient if it was done without the plaintiff's consent. He must show that the conductor knew the son was under 21 years of age. But this he may show by circumstantial evidence or by direct evidence, as knowledge of a fact may ordinarily be shown by proof of facts sufficient to put a man of ordinary prudence on notice of it. Cutting v. Seaberry, 1 Spr. 522, Fed. Cas. No. 3,521; Butterfield v. Ashley, 6 Cush. (Mass.) 250; Butterfield v. Ashley, 2 Gray (Mass.) 254.

Judgment reversed, and cause remanded for further proceedings consistent herewith.