### BARTOW COUNTY FAIR ASSOCIATION *v.* GILREATH.

PER CURIAM. Mrs. L. R. Gilreath brought an action against the Bartow County Fair Association, to recover for loss of service of her minor son, resulting from an injury he received while in the employment of the defendant, and for other items of damage. In her petition she alleged in substance as follows: She was a widow. Her son, of the age of 16 years, sought and obtained employment with the defendant, which was conducting a county fair. He was placed just inside of the

main entrance to the fair-grounds, his duties being to direct buggies entering to go in one direction and automobiles to go in a different direction, which duties required his presence at the entrance from seven o'clock in the morning until six o'clock at night; for which services he was to receive one dollar per day. Among the attractions of the fair the defendant put in operation and carried on what is commonly called a "merry-go-round," which was operated by means of a stationary engine. After his day's work had been completed at the entrance to the fair-grounds, the plaintiff's son, without her consent, was assigned to duty by one Hammond, the lawfully authorized agent of the defendant for that purpose, to guard the merry-go-round, and to keep all persons from riding thereon who did not have the required ticket or had not paid the price thereof. A great crowd of negroes congregated about the merry-go-round when it was operated at night, who were boisterous and obstreperous. About ten o'clock at night, while thus employed at the merry-go-round, and while walking around the same, and immediately after passing a crowd of young negroes, whom he had just warned to stay off the merry-go-round, the plaintiff's son was struck with a brick or stone thrown by one of them, and by force of the blow was felled to the ground and onto the steam pipe, receiving serious injuries to his person and to his clothes. He did not in anywise contribute to his injury. The plaintiff alleges that the matters stated constituted negligence on the part of the defendant. On demurrer to the petition, *held:*

1. The action was based on the alleged negligence of the defendant and injury resulting therefrom. So considered, the allegations were not sufficient to show negligence of the defendant toward the son of the plaintiff, and injury proximately resulting therefrom.
2. If the action were considered as including a suit on the theory of employment of the plaintiff's minor son in a dangerous occupation without her consent, the allegations were not sufficient. It was not alleged that the employment as a whole was without the consent or against the will of the plaintiff; or that she hired her minor son to the defendant for service of a certain character or consented to such special employment, and that without her consent the defendant put him to work at a more dangerous employment; or that the defendant knew of the son's minority.
(a) While, on the trial of issues of fact, inferences may be drawn by the jury from facts proved, pleadings are to be taken most strongly against the pleader on demurrer.

*Judgment reversed. All the Justices concur, except*

EVANS, P. J., dissenting. The allegations of the petition clearly make the case of knowingly employing the minor son of a parent, without her consent, in a dangerous and hazardous employment. Where one knowingly engages a minor in a dangerous employment without the father's consent, or, in case of the father's death, without the consent of the mother, and the minor is injured in such employment, the employer is responsible to the father, or the widowed mother, as the case may be, for any consequent loss of the minor's services. Marbury

Lumber Co. *v.* Westbrook, 121 Ala. 179 (25 So. 914); Gulf &c. R. Co. *v.* Redeker, 67 Tex. 181, 190 (2 S. W. 513, 527); Taylor *v.* Chesapeake &c. R. Co., 41 W. Va. 704 (24 S. E. 631); *Braswell* v. *Garfield Cotton Oil Mill Co.,* 7 *Ga. App.* 167 (66 S. E. 539). An employment of a minor to police at night an amusement feature patronized by a large, boisterous, and obstreperous crowd of persons, and to protect it against trespassers, is a hazardous employment. Inasmuch as the gravamen of the action is the alleged wrong of the defendant in putting the plaintiff's minor son to work at a dangerous employment without her consent, no issue of the defendant's negligence is involved, nor is the minor servant's contributory negligence a defense to such action. Marbury Lumber Company *v.* Westbrook, supra; Hendrickson *v.* L. & N. R. Co., 137 Ky. 562 (126 S. W. 117, and valuable note in 30 L. R. A. (N. S) 311).

FEBRUARY 26, 1916.

Action for damages. Before Judge Fite. Bartow superior court. January 13, 1915.

*J. T. Norris,* for plaintiff in error.

*Colquitt & Conyers* and *W. T. Townsend,* contra.