6722, 6723.    KING v. FLODING (two cases).

WADE, C. J. 1. As a general rule, a parent may recover damages for an injury to his minor child in the course of the child's employment, when he was employed without the parent's consent, even if there be no negligence on the part of the employer. See *Braswell* v. *Garfield Cotton Oil Mill Co.,* 7 *Ga. App.* 167 (66 S. E. 539), and cases cited in note in 30 L. R. A. (N. S.) 311. The consent of the parent to the employment of the child may, however, be inferred from his knowledge of such employment and his acquiescence therein. In this case the child, who was nearly 17 years old, himself made the contract to labor, and the father, with knowledge thereof, accepted part of the proceeds arising from performance of the contract by the child. See Warrior Mfg. Co. *v.* Jones, 155 Ala. 379 (46 So. 456); Tennessee C. L. & R. R. Co. *v.* Crotwell, 156 Ala. 304 (47 So. 64); Davis *v.* Young, 32 Ky. 299, 306; note in 30 L. R. A. (N. S.) 314.

2. In the action brought by the father, the burden resting upon him to affirmatively establish that his minor son was employed to perform

work of a specific kind, and that the character of the employment was changed by the defendant without the knowledge and consent of the father, was not successfully carried by the testimony in his behalf, but, to the contrary, construing most strongly against the plaintiff the evidence of the minor himself, who made the contract of employment, it appears that the particular work he was called upon to perform at the time of the injury was clearly within the general scope of his duties under the contract.

3. There was no evidence whatever of negligence on the part of the employer, and, so far as the suit brought by the minor himself is concerned, it is apparent that if the character of his employment was changed from work of a safe kind to work of a more dangerous nature, the danger was clearly obvious, and the resulting injury to the minor was brought about by the negligence of a fellow servant selected by the minor himself as an assistant.

4. The court did not err in excluding testimony of the injured minor to the effect that the fellow servant whose abandonment of the duty to securely hold the ladder upon which the minor was standing brought about the injury, informed the minor (at some time not stated) that he (the fellow servant) left the ladder because the defendant called him. The proffered testimony was clearly hearsay, and within no exception fixed by law, and therefore was inadmissible.

5. The foregoing rulings cover the questions raised in both cases.

*Judgment affirmed.*

DECIDED JUNE 26, 1916.

Action for damages; from city court of Atlanta—Judge Reid. May 5, 1915.

*Edgar Latham,* for plaintiff.

*E. V. Carter, George Westmoreland,* for defendant.