### 9877. HARRIS *v.* UNION COTTON MILLS.

JENKINS, J. 1. Where a father hires his minor son to an employer to do certain work, and the employer, without the consent of the father, puts the son to a different and more hazardous employment, and the son is injured, the father has a cause of action in his own behalf against the employer for the recovery of such diminution of the child's earning capacity, between the date of the injury and the date of his attaining his majority, as the injury may have occasioned. *Braswell* v. *Garfield Cotton Oil Mill Co.,* 7 *Ga. App.* 167 (66 S. E. 539).

2. But where a minor, such as indicated, has been injured, and suit for damages is maintained in his own behalf, the fact that his employer might have changed the work and duties of his employment would not have the effect of having relieved the plaintiff of the duty on his part to exercise that degree of intelligence, knowledge, and judgment actually possessed by him; and thus, in such a suit, proof of such change of employment would not of itself furnish a ground of recovery, where it also appears that the injury complained of was brought about by the

plaintiff's own inexcusable negligence. *Wilder* v. *Miller*, 128 *Ga.* 139 (3) (57 S. E. 309); Hendrickson v. Louisville & Nashville R. Co., 137 Ky. 562 (126 S. W. 117, 30 L. R. A. (N. S.) 311, note).

3. If the danger was so patent and obvious that it must necessarily have been as easily known to the servant as to the master, the latter will not be liable for his failure to give warning. *Crown Cotton Mills* v. *McNally*, 123 *Ga.* 35 (51 S. E. 13); *Williams* v. *Atlantic Coast Line R. Co.*, 18 *Ga. App.* 120 (89 S. E. 158); 26 Cyc. 1171.

4. According to the plaintiff's evidence, he was at the time of the injury an ordinarily developed boy of average intelligence, lacking two months of being sixteen years of age. He had worked in the mill for a period of several months, and, for half of each day for a period of three weeks, had been engaged at work with the particular machinery by which he was injured. None of the alleged acts of negligence on the part of the master are substantiated by the evidence of the plaintiff, save the allegation as to the failure of the master to give warning of the danger. The plaintiff necessarily must have known that to place his hand within the rapidly revolving open machinery, with which he was necessarily familiar, would be a dangerous act. Viewing the entire evidence as presented, with all reasonable inferences properly deducible therefrom, the court, in our opinion, did not err in granting a nonsuit. See *Crown Cotton Mills* v. *McNally*, supra, s. c. 127 *Ga.* 404 (56 S. E. 452), in which the facts involved were very similar to those shown by the evidence here presented.      *Judgment affirmed.   Wade, C. J., and Luke, J., concur.*
DECIDED JANUARY 16, 1919.

Action for damages; from Walker superior court—Judge Wright. April 26, 1918.   (See 144 *Ga.* 716.)

*W. E. Mann, Rosser & Shaw,* for plaintiff.
*Shattuck & Shattuck, W. M. Henry,* for defendant.