## Ballard, et al. v. Smith.

(Decided March 28, 1919.)

### Appeal from Bell Circuit Court.

1. Infants—Action by Parent for Injuries.—A parent may recover of an employer of his infant child for any damage which the infant might suffer on account of injuries received while the child is engaged in a dangerous or hazardous employment to which the employer assigns it, provided the employer knew that the child was an infant, or could have known it by the exercise of ordinary care and the employment was made without the knowledge or consent of the parent.

2. Infants—Actions for Injuries—Liability of Employer.—For the employer to be liable in such cases he must either put the infant at a dangerous or hazardous employment, or consent for him to be so engaged and acquiesce therein, and if the infant is placed at a safe and non-hazardous employment and without the knowledge or consent of the employer voluntarily engages for the time in a hazardous employment without the employer's knowledge or consent, the latter will not be liable to the parent for any injury which the infant might sustain.

3. Infants—Damages—Measure of.—The measure of damages in such cases is the value of the infant's services from the time of the injury until he shall arrive at twenty-one years of age, together with the expenses incurred for medicine and medical treatment.

D. B. LOGAN, A. W. BABBAGE and JAMES M. GILBERT for appellants.

J. M. ROBSION and J. D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellants and defendants below, J. J. Ballard and A. B. Leibig, owned and operated a laundry in Pineville, Kentucky. On June 22, 1913, they employed Laura Smith, an infant about seventeen years and eight months old, and put her at certain kinds of safe work in the laundry. She continued to work there until July 22, just one month from the time she began, on which day, at the hour of beginning work in the morning, she commenced to feed a machine known as a mangle. Within a few minutes thereafter her hand was caught in the rollers of the mangle and three of her fingers severely mashed and her hand otherwise injured and bruised, the bones in the three fingers being crushed so that according to the testimony

she is probably a permanent cripple. This suit was filed by her father, the appellee and plaintiff, Alex. Smith, against defendants, to recover damages for the loss and deprivation of the services of his infant daughter until she shall arrive at the age of twenty-one years, and "for medical service, medicine and nursing and caring for his said child, because of said injury," which he has expended and which will be necessary to expend in the future, aggregating in all the sum of $1,000.00, for which amount he asked judgment.

The petition alleged that plaintiff's daughter was under twenty-one years of age, which fact defendants knew, and with that knowledge employed her without plaintiff's knowledge or consent and set her to work at a hazardous employment in operating a mangle, which is a dangerous piece of machinery and requires in its operation special knowledge, skill and experience, which plaintiff's daughter did not possess, and which fact was known by defendants at the time.

The answer denied the averments of the petition and pleaded contributory negligence on the part of the daughter, as well as assumed risk by her, and in another paragraph alleged that she was employed in the laundry to iron shirts with an ordinary smoothing iron, not connected with any machinery dangerous or otherwise, and that she was put at that work and instructed and directed to do no other character of work in the laundry on penalty of being discharged; that at the time she was injured she of her own accord undertook to feed the mangle without the knowledge, direction or consent of defendants or their foreman in charge and was so injured while thus engaged. Counter pleadings formed the issue, and upon trial under instructions from the court the jury returned a verdict in favor of plaintiff for the sum of $600.00, upon which judgment was rendered, and complaining of it defendants prosecute this appeal.

The chief grounds urged for a reversal are that the court erred in giving to the jury instruction No. 1, and in failing to instruct the jury as requested by defendants. The criticised instruction which the court gave is:

"If you believe from the evidence in this case that the defendants, J. J. Ballard or A. P. Leibig, or any person acting for them, employed Laura Smith, a daughter of the plaintiff, Alex. Smith, to work in the laundry mentioned in the evidence, without the consent of the plain-

tiff, Alex. Smith, and that she was under twenty-one years of age, and that the defendants, or those acting for them, who employed the said Laura Smith, knew or by the exercise of ordinary care could have known that she was under twenty-one years of age, and that she was injured in the hand, and that the work at which she was engaged in said laundry at the time of the injury, if she was injured, was dangerous or hazardous, then you ought to find for the plaintiff, Alex. Smith.''

The chief objection to the instruction is that it makes the defendants liable if the work at which the daughter ''was engaged'' at the time she received her injury was dangerous or hazardous and did not make the liability of the defendants to plaintiff depend upon the dangerous or hazardous character of the work which the daughter was employed to do, or at which she was engaged under the directions, express or implied, of the defendants.

The law seems to be that to enable a parent in cases of this kind to recover of the master for injuries to his infant child, three things must concur: (a) The employer must have known, or by the exercise of ordinary care could have known, of the infancy of the child; (b) the employment must have been made without the knowledge or consent of the parent, and (c) the infant must have been employed to do and put at dangerous and hazardous work, at least to such an extent as that injury would likely result. The general rule upon this subject is thus stated in 29 Cyc., 1643:

''If the child is injured in the course of a dangerous service the employer is liable, but the mere fact that a child was injured while in the employ of a person by whom he has been employed without the knowledge of the parent does not render the employer liable in an action by the parent for the loss of the services of the child, where the employment was not hazardous and the injury was not due to the employer's negligence.''

This court seems to have adopted the rule of the text in the cases of L. & N. R. R. Co. v. Willis, 83 Ky. 57; Union News Co. v. Morrow, 20 Ky. Law Rep., 302; I. C. R. R. Co. v. Henon, 24 Ky. Law Rep. 298, and Hendrickson v. L. & N. R. R. Co., 137 Ky. 562.

In the Willis case, according to the opinion, the defendant, without the consent or knowledge of the parent, ''employed and permitted the son to render service for it in the hazardous capacity of brakeman.'' It was con-

tended by defendant that it had not employed the son because the conductor, with whose knowledge and consent he was performing the service as brakeman, had no authority to permit him to do so so as to bind the defendant. This contention was rejected by the court and the liability of the defendant upheld upon the ground that "If one engages the servant of another in an obviously dangerous business, he renders himself responsible for any injury which the servant may sustain while so engaged and which can rationally be attributed to the undertaking; and this is so even if the injury results immediately from the neglect or unskillfulness of the servant, owing to the fact that the person, by so illegally interfering, assumes all the risk incident to the service."

In the Morrow case the infant was employed to sell papers, magazines and periodicals upon the train while making trips. The instruction, in submitting to the jury the facts upon which defendant's liability depended, said: "If you believe from the evidence . . . that such employment of said Samuel S. Morrow (the infant) was dangerous and hazardous for a boy of his age and experience, and that the said defendant had notice and knowledge, or should have known that such employment was dangerous and hazardous," &c., then the jury should find for the plaintiff. That instruction was approved by this court.

In the Henon case the infant was employed by the defendant railroad company to work in a gravel pit, but on the day he was injured he was taken out of the pit and was put to work on a gravel train. While so engaged he was caused through a bump or jar of the train to fall from a ladder and sustain injuries, to recover for which his father brought the suit seeking judgment in his own right as parent. The court referred with approval to the Willis case and to the case of N. N. & M. V. R. R. Co. v. Carroll, 17 Ky. Law Rep. 374, and then said: "The circuit court followed the rule laid down in these cases. He instructed the jury that if the son was employed without the knowledge or consent of the father, and was under twenty-one years of age, and this fact was known to the defendant's agents in charge of him prior to his injury, and he was required to perform dangerous or hazardous work, and while thus engaged was thus injured, they should find for the father a fair compensation for the loss of the services of his son during his

minority and for trouble and expense in taking care of him."

In the Hendrickson case the infant was employed in the capacity of brakeman, and in holding defendant liable to the parent in a suit like this, the court *inter alia* said: "The service of brakeman is peculiarly hazardous. The knowledge on the part of the conductor that the son was on the train and rendering service as brakeman was the knowledge of the defendant. The defendant could not with knowledge of the father's rights thus expose the son knowingly to the dangers of such a hazardous business without his consent."

These cases also appear to hold that the dangerous character of the work at which the infant is placed or exposed need not be inherently so. It is sufficient if injury is likely to happen although it could have been prevented by cautious and prudent action on the part of the infant servant. It is not altogether made clear by these and other authorities just why it is essential to the right of the parent to recover that the employment should be dangerous or hazardous, since it would appear that the basis of the action is the deprivation of the parent of the services of his child without his consent. It may be that the rule was founded upon the idea that to otherwise hold would prevent in all cases the employment of infants howsoever safe and free from danger the employment might be. But, whatever the reason for the distinction, it now seems to be too firmly fixed in the law to call it in question. Following the rule as thus laid down, the master in such cases would not be liable to the parent if he employed the child and engaged it to do and put it at work which in itself was safe and in the performance of which it was not injured, and necessarily would the employer not be liable if the child of its own accord quit the safe work which the master assigned it to do and engaged for the time being in a hazardous work contrary to the directions, knowledge or consent of the master.

In this case the evidence is conflicting as to whether Laura Smith, at the time she received her injuries, was working at the mangle with the knowledge or consent of defendants or their foreman in charge. Her testimony and that of some of her witnesses would seem to indicate that it was known to defendants and their foreman that she would upon occasions engage in feeding the mangle,

while it is contended by defendants in their testimony and that of their witnesses that she was expressly forbidden to work at feeding the mangle under all circumstances. With this contradiction in the testimony we think the court should not have based plaintiff's right to recover upon the fact that his daughter was at the time engaged in a dangerous and hazardous work, but that the instruction should have been so qualified as to submit to the jury whether such work was being performed with the knowledge or consent of the defendants or of their foreman in charge,

The instructions which were refused, and of which complaint is made, attempted to submit this phase of the case, but with instruction No. 1 modified as indicated, the entire law governing the rights of the parties will be presented. This may be done by inserting therein, immediately following the words "dangerous or hazarous," these words :"And defendants or their foreman in charge placed her at such work, or knew that she was so engaged and without objection thereto or protesting against it suffered her to remain at it." The instruction will then conform to the law as laid down by the cases, *supra*.

Wherefore, for the error indicated, the judgment is reversed, with directions to grant a new trial, and for proceedings consistent herewith.