MacIntyre, J. 1. The plaintiff sued F. L. Penn, T. L. Penn, and Miss Maud Penn, for damages for the death of her minor son. The case alleged by the plaintiff's petition was that her minor son was hired to one of the defendants solely as a messenger-boy to call for and deliver telegrams to be received and to be sent over the wires of a certain telegraph company, the agency of which was managed by Miss Maud Penn; that the two brothers, F. L. and T. L. Penn, conducted a printing establishment adjacent to the telegraph office; that without the plaintiff's knowledge and consent these defendants employed her minor son in and about the printing plant, which work necessitated his coming in contact with and using certain dangerous and defective appliances; and that as a result of being so employed and while operating a lead-sawing machine, which was without proper guards and screens, he was injured, and as a result of the injury he contracted lead poisoning from which he died. *Held:*

1. Where a mother knowingly hires out her minor son to do certain work, and the employer, without the consent of the mother (the father being dead), puts the son to a different and more hazardous employment, and the son is injured as a consequence of such change of work, the mother would ordinarily have a cause of action, even though there was no negligence on the part of the employer. *King* v. *Floding,* 18 *Ga. App.* 280 (89 S. E. 451); *Harris* v. *Union Cotton Mills,* 23 *Ga. App.* 299 (98 S. E. 192); *Bibb Mfg. Co.* v. *Hewell,* 26 *Ga. App.* 508 (106 S. E. 558); *Braswell* v. *Garfield Cotton-Oil Mill Co.,* 7 *Ga. App.* 167 (66 S. E. 539).

(*a*) However, if the mother (the father being dead) acquiesces in the minor child's change of employment, that is, in the printing-office, with knowledge of the kind of work that the child is doing, she impliedly consents to the employment, and is charged with having consented to the risk naturally incident thereto. Tennessee C. I. & R. Co. *v.* Crotwell, 156 Ala. 304. *King* v. *Floding,* supra.

(*b*) The testimony of the deceased's brother, and of the mother (with whom the deceased and his brother lived), which was undisputed by any other evidence, clearly disclosed that the mother knew that her minor son was continuously working in the printing-office for the defendants several years prior to the injury causing his death, and that she received at least part of his wages; and this being true, she could not recover damages of the defendants, under the principle above set out. The judge therefore did not commit reversible error in failing to charge upon that theory. Warrior Mfg. Co. *v.* Jones, 155 Ala. 379.

2. The only other possible theory upon which the plaintiff might have based a recovery, under the allegations of her petition, was for the negligence of defendants in furnishing to her minor son defective machinery with which to work; and the charge of the judge to the jury, requiring the plaintiff to prove negligence of the defendants, was not error for any reason assigned.

3. The failure of the court to require one of the defendants, as agent of the Western Union Telegraph Company, to produce certain documents of the company in evidence in response to a subpœna duces tecum, or to allow the plaintiff to have access to them and to inspect them in open

court, does not require the grant of a new trial, even if erroneous (which it is not necessary to decide), in that it is neither shown nor alleged nor contended in the motion for new trial that such documentary evidence was material or relevant to any of the issues involved in the case, and in that the only possible fact to be proved by such documentary evidence was admitted by the defendants, and was not material to the real controversial issue in this case.

4. The plaintiff having alleged that the defendants enslaved her minor son for mercenary purposes, "unto the peril of death," and failed to furnish him with proper medical attention, "for the need and necessity of which" her son "died of neglect of and by" the defendants, it was not error for the court to admit evidence in behalf of the defendants to the effect that they and members of their family kindly treated the plaintiff's son in many ways, and appeared solicitous for his financial and physical well-being.

5. A mere lapsus linguæ by the trial judge in his charge to the jury, where not misleading, does not require the grant of a new trial. *Hill* v. *George*, 47 *Ga. App.* 272 (170 S. E. 326) ; *Miller* v. *State*, 50 *Ga. App.* 30, 33 (177 S. E. 82) ; *City Ice Delivery Co.* v. *Turley*, 44 *Ga. App.* 32, 36 (160 S. E. 517). The court, in stating that the plaintiff had filed in Jasper superior court a petition against the defendants, misnamed one of the defendants by referring to her as "Miss Martha Penn," whereas the name of the defendant referred to was "Miss Maud Penn." This charge did not have the effect of adding a party defendant, so as to give the jury the impression that the plaintiff was bringing suit against the entire family of Penn; nor does said lapsus linguæ of the trial judge require a new trial because the court admitted testimony that the deceased minor son of the plaintiff "continued to get milk and butter from Miss Martha. He was delivering milk and butter around for her, and she was giving him this for working around the house." While the charge was a misnomer of one of the defendants, it is clear that the jury knew and understood who the real defendants were. It would be unreasonable for this court to hold that this slip of the tongue was prejudicial to the plaintiff's case.

6. The jury having found in favor of the defendants, any erroneous instruction with reference to the measure of damages was harmless error.

7. The remaining assignments of error, most of which are substantially covered by the rulings above stated, are plainly without merit, and do not call for special attention.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED SEPTEMBER 4, 1935.

*W. S. Florence, J. Mallory Hunt,* for plaintiff.
*A. S. Thurman,* for defendants.