## SJOBERG v. WHITE

No. 7482.  Decided April 20, 1951.  (230 P. 2d 331.)
Rehearing denied June 19, 1951

See 67 C. J. S., Parent and Child, Sec. 54. Child employed in dangerous work, implied consent of parent for. 39 Am. Jur., Parent and Child, Sec. 78; 94 A. L. R. 1213.

*H. A. Sjostrom, M. M. Morrison,* Logan, for appellant.

*Bullen & Olson,* Logan, *Thatcher & Young,* Ogden, for respondent.

WADE, Justice.

L. E. Sjoberg, appellant herein, brought this action un-

der the provisions of Section 104—3—10, U. C. A. 1943, for damages for the death of his minor son who was injured while in the employ of J. B. White, respondent herein.

Appellant in his complaint alleged that the minor, a 17-year-old boy, had been employed by White to help with chores on respondent's farm. Prior to the time of the accident, the boy had been required by White to herd, tend and haul tank water to turkeys he was raising in the hills in Avon, Utah, about three miles from his farm. For the purpose of hauling the water, the minor was supplied with a team of horses and a wagon of ordinary dimensions upon which was placed a tank 14 feet long, 2½ feet wide and 3 feet deep. This tank made the wagon top-heavy and liable to tip over in that hilly country. The minor had no previous experience in driving a team and wagon and on July 10, 1947, while driving the team and tank-laden wagon up a steep hill to the turkeys, the wagon tipped over and crushed the boy to death. At the time of the accident, the deceased had been alone in the hills for a couple of days with no one to help or advise him as to the dangers inherent in the work. Respondent pleaded contributory negligence and assumption of risk of both deceased and appellant herein. The jury brought in a verdict of no cause of action and this appeal is from the judgment thereon.

Appellant assigns as error (1) The exclusion by the court of testimony proffered by him as to conversations with the decedent in which he had requested decedent to discontinue his employment as a herder and tender of turkeys because the job was too dangerous, and because he had been hired to work around respondent's barns and not in the hills; and (2) The giving of instruction no. 12 by the court to the jury wherein they were told: "You are instructed that the father of an employee is not entitled to recover damages for injuries sustained

as a result of working in a dangerous place or with dangerous equipment, even when the danger is created by the negligence of the employer if the danger was known to the father or was so open and obvious that it must be supposed that he knew of it."

Appellant brought this action under the provisions of Section 104—3—10, U. C. A. 1943, which provides that a parent or guardian "may maintain an action for the death or injury of a minor child when such injury or death is caused by the wrongful act or neglect of another." In his complaint, he alleged that the wrongful acts or neglect of the defendant consisted of requiring the minor to work without the consent of appellant at a place and with equipment which was dangerous to a person of decedent's age and lack of experience.

From the portion of the transcript of the evidence which appellant has brought to this court, it appears that he visited with his son at least three times while he was working in the hills and that he had conversations with him about his work there. He was not allowed to testify as to what those conversations were. He testified that after these conversations with his son he tried to find the respondent but could not. He was asked if he had consented to his son's working in the hills but his answer was stricken. Appellant proffered to prove that he first heard of his son's working in the hills when the son came home and told him that he had been working up in the hills for fourteen days; that the appellant told his son that the agreement was that he should stay around the barns, but the boy replied that respondent had promised him a bonus of $25.00 if he would stay until the school season, and he had promised him that he would; that appellant spoke to his son several times after this conversation but could not prevail upon him to quit.

In his complaint, appellant pleaded that he had not

given his consent to the employment of his son in the hills to tend turkeys but consented only to his being employed to do ordinary chores around respondent's farm. Respondent pleaded contributory negligence of the appellant.

In determining whether this evidence is admissible, two questions are presented: (1) Does the appellant's failure to protest to the employer after he knew that the boy was engaged in hazardous work preclude a recovery? and (2) May he recover because respondent supplied the boy with defective equipment?

Appellant alleged that respondent wrongfully employed his minor son in hazardous work without his consent and negligently supplied him with dangerous equipment. Under the first issue, we must determine whether appellant consented to this employment. Such consent may be either expressed or implied. Appellant alleged that he had given consent to respondent to employ his son only to do chores around the farm. Appellant admitted that he knew of his son's employment in the hills as a herder and tender of turkeys for some time before the accident. Knowledge by a parent of a child's employment in a hazardous work without protest to the employer or a reasonable effort to make such protest is deemed consent thereto even though no consent thereto was originally given. See *Warrior Mfg. Co* v. *Jones,* 155 Ala. 379, 46 So. 456; *Tennessee Coal, Iron & R. Co.* v. *Crotwell,* 156 Ala. 304, 47 So. 64; *Wolf* v. *East Tennessee V. & G. R. Co.,* 88 Ga. 210, 14 S. E. 199; *Louisville & N. R. Co.* v. *Davis,* 105 S. W. 455, 32 Ky. Law Rep. 306, and *Mauck* v. *Southern R. Co.,* 148 Ky. 122, 146 S. W. 28. In the cases cited above, it was held that a parent could not recover for the injuries to a child where there was no negligence on the part of the employer other than employing a minor in a hazardous work where the parent had knowledge of such employment and did not protest, even

though the parent had given no initial or actual consent to the employment.

Appellant contends that the proffered testimony to the effect that he had requested his son to discontinue the employment tends to exonerate him from contributory negligence. The proffered testimony would throw no light on appellant's action, if any, in regard to the ■ use by his son of the dangerous equipment, or on whether appellant even knew about the dangerous equipment before the accident. The only issue it could be remotely connected with is whether the appellant knowingly allowed his son to be employed in hazardous work without protest to the employer. On this question, the proffered testimony was immaterial because if he knew of the hazardous employment and failed to make a reasonable effort to protest to the employer, his consent to such employment is implied regardless of what he said to his son about quitting. See *Tennessee Coal, Iron & R. Co.* v. *Crotwell,* supra, wherein the parent attempted to recover damages for injuries to a son while employed in a hazardous work without her initial consent the court pointed out that she knew of his employment and "that she never at any time made any objections to the defendant company of its employment of her son, or to the work he was doing." The court there held that under such a state of facts she acquiesced as a matter of law in the employment. Since the proffered testimony would not have changed the legal effect of appellant's action, the court did not err in refusing its admission.

Did the court err in its Instruction no. 12? In that instruction, the court told the jury that if the parent knew or should have known that the child was working in a dangerous place or with dangerous equipment, he could not recover regardless of whether the defend- ■ ant was guilty of negligence. This instruction is tanta-

mount to saying that as a matter of law a parent is guilty of contributory negligence if he has knowledge of the fact that the child is being employed in a hazardous work or is being supplied with dangerous equipment with which to do that work.

In a case in which the child is being employed in a hazardous occupation with the consent of the parent who seeks to recover damages for the child's injuries, the parent is precluded from doing so because of his own wrong in consenting to the employment which, as a reasonably prudent person, he could forsee might result in injury to the child as a natural consequence of the employment. Where initially there was no consent to the hazardous employment, consent is implied from the fact that the parent knew of the employment and did not protest or use due diligence to convey his protest to the employer. Knowledge alone is not enough from which to imply consent. There must be knowledge and a failure to protest or to use due diligence to protest to the employer. Therefore, that part of the instruction under which the court charged the jury that mere knowledge of the danger of the work the minor was engaged in would preclude recovery by the appellant was error.

The court also erred when it further charged the jury that if the injuries were the result of working with dangerous equipment supplied through the negligence of the employer, and the danger was known or should have been known to the appellant herein, he could not recover. The negligence of which an employer is guilty in supplying defective equipment to an employee, whether adult or minor, is not the same as that of employing a minor without the consent of a parent. In the latter instance, the employer is guilty of the wrongful act of employing the child in a dangerous employment, in which case the parent's consent places the responsibility for such wrongful employment on the parent, whereas, the sup-

plying of defective or dangerous equipment is based on negligence. It requires the doing of an act which a reasonably prudent person would not have done. If the defective equipment is the proximate cause of the injury, a parent is not precluded from recovery merely because he consented to the employment. See 67 C. J. S., *Parent and Child*, § 42, p. 746, wherein it is stated:

"Liability where consent given. A parent who consents to the employment of his child in a dangerous service assumes the risks incident to the service, whether or not the character of the risks is known to him, and is not entitled to recover if the child is injured in the service; and this rule applies where the parent consents to an employment in violation of law, at least where the employer is free from any negligence other than the illegal employment. The parent's consent precludes recovery by him for injury due to the negligence of a fellow servant, *but it does not prevent a recovery for an injury resulting, not from the ordinary risks of the service, but from the employer's negligence, * * *.*" (Emphasis ours.)

Here, the minor's employment was tending turkeys in hilly country. This may have been a hazardous employment for a boy of his age, but the wrongful acts which the parent alleged was not only this employment but the negligent supplying of dangerous equipment which is a separate act of negligence distinct from that of the employment of the minor in a hazardous work. See *Wills* v. *Montfair Gas Coal Co. et al.*, 97 W. Va. 476, 125 S. E. 367; *Irvine* v. *Union Tanning Co.*, 97 W. Va. 388, 125 S. E. 110; and *Folds* v. *Penn. et al.*, 51 Ga. App. 682, 181 S. E. 308.

From the portion of the record brought here, we are unable to tell what evidence was introduced which had a bearing on whether plaintiff was guilty of contributory negligence. It does not appear whether he knew or should have known of the dangerous equipment which the boy was using. But mere knowledge thereof is not alone sufficient to prevent a recovery as suggested in instruction number 12, but if he knew or should have known of this dangerous equipment it would then be a question for the jury to determine from all the surrounding facts and circumstances

whether plaintiff acted as a reasonably prudent person would act to prevent the injury and death of his son. Only in case the jury concluded from all the evidence that he failed to use ordinary care under the existing circumstances to prevent injury to his son is he guilty of contributory negligence. The question of whether plaintiff's failure to act as a reasonably prudent person to prevent injury to his son was not submitted to the jury, but they were instructed as a matter of law, that if he knew or should have known of the dangerous equipment he could not recover. This was prejudicial error and the judgment of the trial court is reversed and a new trial granted. Costs to appellant.

LATIMER, McDONOUGH, and CROCKETT, JJ., concur.

WOLFE, C. J., concurs in the result.