# Marbury Lumber Co. *v.* Westbrook.

*Damages for Personal Injury to Minor.*

<table>
<tr><td>121</td><td>179</td></tr>
<tr><td>124</td><td>590</td></tr>
<tr><td>121</td><td>179</td></tr>
<tr><td>131</td><td>277</td></tr>
<tr><td>121</td><td>179</td></tr>
<tr><td>139</td><td>285</td></tr>
</table>

1. *Minor; person employing at dangerous work responsible for injury to.*—If a person puts a minor under fourteen years of age to work at a dangerous place without the consent of the parent having him in charge, and he is injured, the person is responsible in damages to the parent without reference to negligence on the one part or contributory negligence on the other—these issues not being involved.

2. *Contributory negligence when made material issue.*—If the plaintiff in an action for damages for negligent injury by the defendant improperly takes issue on a plea of contributory negligence, he makes it a material issue, and he cannot complain of the action of the court in referring the question to the jury, the evidence being conflicting.

3. The giving of an abstract charge furnishes no ground for a reversal.

4. *Minor; natural instincts of, when considered and their effect.*
In determining whether or not a work or place of work is dangerous to'a boy under fourteen years of age, the natural instincts and disposition of a boy of that age are to be considered; and if the work affords to such a boy the temptation and opportunity by indulging these instincts to put himself in danger, the place as to him is dangerous.

5. *Charge; must not assume controverted facts.*—A charge asked whicn assumes or declares a fact to be true which is controverted is properly refused.

6. *Consent of parent not to be extended.*—Consent by a parent that a son under fourteen years may be employed in a certain work does not imply consent to his employment in another work.

7. *Knowledge of parent; implication from restricted.*—The knowledge on the part of a parent that a son is employed about a mill and failure to object thereto, does not carry the implication that the.parent consents to the.son being put to a dangerous work, when the parent does. not know the particular work on which the son is engaged, and has the right from previous employment of the son to assume that he is employed on less dangerous work.

8. *Contributory negligence of minor when an available defence.*—A parent cannot recover for injury to a minor son incurred while he was employed in a dangerous work, if the employment was with her knowledge and consent, and if the son was guilty of contributory negligence which proximately contributed to the injury.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. N. D. DENSON.

Mrs. M. C. Westbrook sued the Marbury Lumber Company, a corporation, to recover damages for injury to her son. The father of the son was dead and the son, a boy under fourteen years of age, was put by the company to work at a place about its mill which was alleged by the plaintiff to be dangerous, and while so engaged he was severely injured. The defendant company pleaded, among other pleas, contributory negligence on the part of the boy in this that, the employment was with the consent of his mother, and the boy. was negligent in and about the performance of his duties, which negligence contributed proximately to the injury complained of. To this plea the plaintiff demurred, and the demurrer being overruled she took issue on it. The evidence on the part of the plaintiff tended to show that the son was

a member of her family and under her control; that she knew that her son was employed at defendant's mill but had no knowledge of the character of the work on which he was engaged; that she had previously to this employment consented that her son might do a certain kind of work at the mill which was different from the work on which he was engaged when injured. This evidence was controverted by the company. The questions at issue were the control over the son by the mother, her knowledge of his employment by the company and the nature of his work, the character of the work being performed by the son when he was injured, as to whether more or less dangerous than the work formerly done by him with his mother's consent, and the contributory negligence of the boy. A portion of the general charge which was excepted to by the defendant was that "the plaintiff could not recover if she knew that her son was working at the mill provided she knew the character of the engagement in which he was employed." The defendant also excepted to the giving of certain charges asked by the plaintiff, viz:

1. "A consent to employment to roll stacker sticks if there was such consent is not necessarily a consent to work at the carriage of the saw mill."

2. "A place or work might be dangerous to a boy under fourteen years when it might not be dangerous to a person of mature years."

3. "In considering whether or not a place of work is dangerous to a boy of fourteen years the jury may consider the natural instincts and disposition of a boy of that age."

The defendant asked the general charge on the whole complaint and on each count separately; and also asked a charge as follows:

4. "If the jury believed from the evidence that the plaintiff consented to the employment of her son then she was guilty of any negligence of which her son was guilty; and if such consent was given she cannot recover."

5. "If the jury believed from the evidence that plaintiff consented or had knowledge that her son was employed at said mill then she cannot recover."

6. "If the jury believed from the evidence that plaintiff's son had been employed about said mill at various times before with the knowledge, consent and at the request of plaintiff, and that the employment in which he was engaged at the time he was hurt was the same kind of nature and not more dangerous than that formerly engaged in, the plaintiff not having previously notified the defendant of her objection, it may be inferred from such fact that she consented to such employment."

The charge number seven was practically the same as the foregoing.

J. M. FALKNER and RAY RUSHTON, for appellant, contended that the charge in the complaint that the minor son was caused to work wrongfully without the consent of the plaintiff was equivalent to saying that the employment was against the will of the plaintiff. If the complaint had simply alleged that the causing to work was without the consent of the plaintiff it would have been demurrable as not every employment without consent is actionable.—*Lovell v. DeBardeleben Coal & Iron Co.*, 90 Ala. 18; *Railroad v. Trimble*, 8 Ind. App., 341; *Gulf, etc., R. R. Co. v. Vieno*, 7 Tex. Civ. App., 347. (2). The boy was not told to ride on the carriage and the defendant had the right to presume that he would not do so; and there was no danger to him when setting up the head blocks.—*O'Kieff v. Thorne*, 16 Atlantic, 737; *Sullivan v. Toledo R. R. Co.*, 58 Ind., 26; *Schlaff v. L. & N. Co.*, 100 Ala. 389. (3). If the father consent either expressly or impliedly to the employment of his son and the son is guilty of contributory negligence the father would be held responsible for such negligence.—*Williams v. N. & S. R. R. Co.*, 91 Ala. 640. (4). New trial should have been granted, 109 Ala. 589.

No brief for the appellee came to the hands of the reporter.

McCLELLAN, C. J.—This action is prosecuted by Mrs. Westbrook against the Lumber Company. The complaint contains two counts. The first count as amended is as follows: "Plaintiff claims of the defend-

ant ten thousand dollars as damages for that heretofore, to-wit, on the 16th day of September, 1896, defendant was running and operating a saw mill at or near Bozeman, Alabama, and in or about the operation or running thereof the defendant wrongfully, without the consent of plaintiff, caused plaintiff's minor son, Guy Westbrook, whose father was then dead and who was a member of plaintiff's family, to work in or about the running or operation of said saw mill at a place or at work which was highly dangerous to a person of his youth and inexperience, and as a proximate consequence of said wrong, plaintiff's said son had his foot partly or entirely torn off or so badly mangled or crushed that said foot was amputated, and her said son was made a cripple and disfigured for life and was rendered less able to work and earn money, and plaintiff was put to great expense and trouble to heal and cure his said wounds and injuries, and plaintiff lost the services of her said son for a long time, and his services were rendered permanently less valuable to her, and she lost his society and suffered great mental pain and anxiety by reason of his said injury, and that her said son was injured while engaged in or about such dangerous work or place, all to her damage, etc., etc." The second count as amended is substantially the same as the first. The *gravamen* of the action obviously is the alleged wrong of the defendant in putting the plaintiff's minor son to work at a dangerous place or upon dangerous work without her consent. This is the charge; and it manifestly involves no issue of negligence. If the defendant so put the boy to work without the mother's consent, and the boy was injured in consequence, the Lumber Company is guilty as charged and answerable in damages to the plaintiff, regardless of negligence *vel non* on its part and also regardless of contributory negligence *vel non* on the part of the boy unless this latter issue was improperly imported into the case by the tender on the part of the defendant and its acceptance on the part of the plaintiff of a false issue as to whether the boy contributed to the injury by his own want of care. There was such tender

on the part of the defendant by the interposition of pleas of contributory negligence. The plaintiff sought to avoid its acceptance by demurring to these pleas. But the demurrer was overruled, and she was forced to join issue on the pleas. This ruling of the trial court was erroneous. The issue was false and foreign to the case. It would have been appropriate had the employment of the boy been with the consent of the mother. In that case she could only recover for defendant's negligence, and to a charge of negligence a plea of contributory negligence would have been a defense. But this erroneous ruling was favorable to and made at the instance of the appellant, and hence cannot be reviewed on this appeal. Plaintiff's remedy against the ruling was to decline to plead further, suffer a judgment and appeal to this court. Electing to take issue on the pleas and to proceed with the trial, the case is to be considered here as if she had voluntarily joined in an immaterial issue, thereby making it a material one. And assuming that the pleas were established, the anomaly is presented of a case being made out for the plaintiff without proof of negligence, and being met and overturned by proof of *contributory* negligence imputable to the plaintiff. But neither the complaint nor the pleas can be said as matter of law to have been proved. The evidence tended to establish both, but not without conflict or beyond adverse inference. The minority of the boy and the facts that he was the plaintiff's son and that his father was dead were undisputed, and so also that he was just under fourteen years of age at the time of the injury. We will not say that the averment of his membership in plaintiff's family was proved to the exclusion of inferences to the contrary; but there was evidence from which the jury were fully justified in so finding, and it is clear that he, whether strictly speaking a member of plaintiff's family or not, had not been emancipated. And there was also evidence tending to show that he had been put by defendant to work at a dangerous place or upon dangerous work, without plaintiff's consent and was injured in consequence. On the other hand, the boy being under fourteen years of age, and the jury's conclusion as to his capacity to take care of himself resting on inferences

[Marbury Lumber Co. v. Westbrook.]

to be drawn from them from the *prima facie* presump-
tion of incapacity in connection with the evidence as to
his mental and physical development tending to rebut
that presumption, the inquiry as to contributory negli-
gence was peculiarly for their consideration and solu-
tion.   It being thus for the jury to determine whether
the averments of the complaint and of the pleas were
true, the court very properly refused to give the affirma-
tive instructions requested by the defendant.

The truism of the second charge given for the plaintiff,
that "a place or work might be dangerous to a boy under
fourteen years when it might not be dangerous to a per-
son of maturer years," is not questioned; but it is said
to be abstract in the case.   If that were so it would fur-
nish no ground for a reversal.   But it is not abstract.
It may well be that there was no danger at all involved
in properly turning the wheel which pushed the logs into
position to be cut by the saw, which duty this boy was set
to perform, but it may further well be that that was dan-
gerous work or a dangerous place to work for a boy
under fourteen years of age, because of the likelihood or
liability that such a boy would not perform this work
properly by standing, as he should, on the ground or
floor of the mill, but would indulge "the natural in-
stincts and disposition" incident to his age and ride up
and down on the log carriage and turn the wheel from
that position which was a dangerous place for him to be
and which work was dangerous to be done in that way.
The fact that there are instincts and dispositions inci-
dent to adolescence not counter-balanced by developed
judgment and unrestrained by lessons of experience is
one of the main grounds upon which is rested the pre-
sumption of incapacity.   The opportunity offered this
boy of riding up and down on the log carriage was one
to naturally appeal to him leading him on to danger;
and the putting him to work or in a place offering this
opportunity was, in view of his youth and its natural
inclinations, the putting him to work in a dangerous
place or at dangerous work, though the place and the
work may have been safe enough for a man without such
inclinations, or for one who having them also has ex-
perience and judgment to forego their indulgence or to

indulge them with safety, conserving prudence and care. These considerations go to show that this second charge was not abstract and also that the third charge given for the plaintiff is a correct exposition of the law. They further serve to demonstrate the infirmity of defendant's contention that the turning of this wheel was a less dangerous occupation than the carrying of stacker sticks, the work upon which plaintiff had consented for her son to be employed. It may be that the proper performance of the former service was not more, or even less dangerous than the latter; but we have no right to assume careful, prudent and proper performance of either by this boy. The danger in either is not to be measured with reference to a person of mature disposition, experience and judgment, but with reference to this boy of presumed incapacity and childish instincts, disposition and inclinations. The carrying of the sticks afforded him no opportunity or temptation to indulge his inclinations to his own undoing, but the work of turning the wheel offered him easy opportunity and alluring temptation to give rein to his innate inclinations unconstrained by any sense of the danger incident to yielding to them. Hence so far from it being possible to affirm that the carrying of stacker sticks was more dangerous than work at the log carriage there is every reason for affirming just the reverse in relation to this boy. Charges 5, 6 and 7 refused to defendant were each bad either in assuming or declaring that the work upon which the boy was engaged when injured was of the same kind, or less dangerous or not more dangerous as or than that upon which he had previously been engaged with plaintiff's consent.

Charge 4 refused to defendant is inaccurate in declaring that plaintiff *was guilty* of any negligence of which her son was guilty assuming she had consented to his employment. His negligence would in a proper case be imputable to her, or rather be a defense against a claim for damages on her part, but it is not correct to say that she in such case would be *guilty* of his negligence. This charge is faulty in not postulating that the son's negligence proximately contributed to his injury; and it involves a direct tendency to mislead the jury to find that

she consented to the boy's employment at the log carriage solely upon the fact that she consented to his employment to carry stacker sticks, or rather to the conclusion that her consent to the latter employment was the equivalent of consent to the former, which it clearly was not as the court properly declared in the first instruction given for the plaintiff.

There is no merit in the exception reserved to a certain part of the court's oral charge. The plaintiff could not be held to have consented to the employment of her son upon dangerous work or in a dangerous place because of her knowledge that he was employed at the mill and failure within a reasonable time to object, when she had no knowledge that he was upon this particular work, and, to the contrary, had a right to assume that he was employed upon the less dangerous work upon which he had been previously engaged with her consent.

We do not find the verdict to be so unsupported by the evidence in any particular as to justify us in reversing the order of the lower court overruling and denying the motion for a new trial.

Affirmed.