# Dimmick Pipe Works *v.* Wood.

*Action by Parent to recover for Injuries to Son.*

1. *Action by parent for injuries to son; admissibility of evidence.*
   In an action brought by a parent to recover damages for
   personal injuries to a son, who was fourteen years of age,
   where it is averred in the complaint that the defendant, with-
   out the consent of the plaintiff, caused his son to do certain
   work, which was highly dangerous to a person of his youth
   and inexperience, and in consequence whereof the son, while
   so engaged, suffered the injuries complained of, it is compe-
   tent, upon the examination of the plaintiff, to ask him
   whether he consented for his son to work at the defendant's
   foundry where the injuries were sustained; such question
   calling for a fact material under the issues of the case, and
   not for a mere uncommunicated mental status of the plaintiff.
2. *Parent and child; parent's consent for child to engage in work
   not construed as consent to engage in work more dangerous.*
   The knowledge or censent on the part of a parent that his
   son fourteen years of age should engage in certain work, not
   of itself dangerous, does not carry with it the implication,
   nor will it be construed as the parent's consent, for the son
   engaging in other work of his employer which is more dan-
   gerous than the work which the parent consented for his son
   to do.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM M. WILKERSON.

This action was brought by the appellee, L. E. Wood,
to recover damages for the loss of the services of his son,
a boy 14 years of age, by reason of the alleged negligence
of the defendant.

The cause of action as averred in the complaint, and
the facts of the case necessary to an understanding of
the decision on the present appeal, are sufficiently stated
in the opinion.

Upon the introduction of all the evidence, the court at

[Dimmick Pipe Works v. Wood.]

the request of the plaintiff gave to the jury, among others, the following written charge: (9.) "Even though the jury believe from the evidence that the plaintiff knew or had reason to know that his son, Mitchell Wood, was employed to pitch sand in defendant's pipe works, and consented thereto, unless the jury further find from the evidence that plaintiff knew that the said Mitchell Wood, as a part of his duties, would be required to roll sand in a wheelbarrow across the said pipe works, the verdict must be for the plaintiff, if the jury believe the work of rolling said wheelbarrow of sand was more dangerous than the work of pitching sand."

To the giving of this charge the defendant separately excepted, and also separately excepted to the court's refusal to give the following charge requested by it: "If you believe the evidence, you must render your verdict in favor of the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at six hundred dollars. The defendant made a motion for a new trial, upon the ground that the damages assessed by the jury were excessive, that the verdict of the jury was contrary to the law and the evidence in this case, and that the court erred in refusing to give the general affirmative charge requested by the defendant. This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BRADLEY & MORROW and WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—It is not competent for a witness to testify to an uncommunicated state of mind. *Stuart v. State*, 78 Ala. 439; *McCormick v. Joseph*, 77 Ala. 236. It is not competent for a witness to give his opinion on the "very issue before the jury."—*Hames v. Brownlee*, 63 Ala. 277; *Talladega Ins. Co. v. Peacock*, 67 Ala. 253.

The father of a minor cannot recover from the latter's employer for the loss of the child's services consequent from injuries received while engaged at such employment, and as a result thereof, in the absence of negli-

[Dimmick Pipe Works v. Wood.]

gence, unless the employment was without the father's consent, and his consent may be implied or express. *Marbury Lumber Co. v. Westbrook*, 121 Ala. 182.

MOORE & DICKINSON, *contra.*—The plaintiff could not be held to have consented to the employment of his son upon dangerous work, or in a dangerous place, because of his knowledge that he was employed in the foundry, and failure within a reasonable time to object when he had no knowledge that he was upon the particular work in which he was injured, will not defeat his recovery. *Marbury L. Co. v. Westbrook*, 121 Ala. 180.

SHARPE, J.—As stated in the complaint, the cause of this action is that the defendant being engaged in the operation of cast iron pipe works, without the consent of the plaintiff, caused his son, aged fourteen, "to work in or about the running or operation of said pipe works, at a place, or at work which was highly dangerous to a person of his youth and inexperience, in consequence whereof, the son while so engaged, was thrown into a pit and so injured as to cause a loss to plaintiff of his services," etc.

It is assigned as error that on the trial plaintiff in testifying was, against objection, allowed to answer his counsel's question: "State whether you consented for your boy to work at the foundry?" The question called for a fact material under the issues, and not for a mere uncommunicated mental status of the plaintiff as is here contended.

Testimony was introduced tending to show that for some weeks before the accident, the boy had been employed at the Pipe Works, first to carry water and afterwards to pitch sand by the use of shovels into moulding flasks which stood in pits, that he was paid fifty cents per day for his services which money he delivered to the plaintiff; that plaintiff knew his son was working for defendant as a sand pitcher and neither made objection thereto, nor expressed assent to the defendant, and that he did not know the duties of a sand pitcher extended to

carrying sand about the pits in a wheelbarrow, or that the boy had been doing such work. Vessels from which molten metal were poured into the flasks were suspended from cranes and swung about the pits, but not where the work of pitching sand was carried on. It was while rolling a wheelbarrow of sand and in attempting to escape contact with one of the swinging vessels that the boy was by contact of his wheelbarrow with a flask thrown into a pit and hurt, with the result that one of his feet was amputated.

If under this evidence, the plaintiff is, by implication or otherwise, chargeable with having consented to his son's employment in the work of pitching sand with a shovel or of rolling it in wheelbarrows, then he is further chargeable with having consented to accept the risk naturally incident to such work, whether the character or source of those risks were known to him or not; but consent alone that the boy might work as a shoveler did not carry with it the implication of consent to his working with a wheelbarrow. It is common knowledge that this vehicle, when loaded, requires for its management, greater strength than does a hand shovel, and its use in proximity to the cranes and pits of this foundry may have been to a boy of fourteen, distinctly more dangerous, than the work of shoveling. That this was so and that the boy's employment in the work where he was injured was without the plaintiff's consent, might well have been found by the jury; and such facts, if established, were together with the evidence relating to the injury and damages, sufficient to show the defendant liable and to warrant the giving of charge 9 for the plaintiff, and the refusal of the general affirmative charge requested by defendant.—*Marbury Lumber Company v. Westbrook*, 121 Ala. 179.

In the refusal of the motion for a new trial, we find no ground for reversal.

Affirmed.