# Jefferson Fert. Co. v. Burns.

*Injury to Minor While Working Without Parent's Consent.*

(Decided February 12, 1914.   64 South. 667.)

1. *Parent and Child; Injury to Child; Action by Parent.*—Where without a parent's consent one employs his minor child to work in a place which was dangerous because of the minor's age and inexperience, such one is liable to the parent for damages for the injuries resulting, irrespective of his negligence or the minor's contributory negligence.

2. *Same; Instruction.*—A charge asserting that a place might be dangerous to a boy under twelve years of age when it might not be dangerous to a mature person, and in considering whether a place

of work is dangerous to a boy of eleven years, the jury may consider the natural instinct and disposition of such a boy was not improperly given.

3. *Same.*—An oral charge which asserts that the allegation of this complaint says that the employment was dangerous—it was dangerous to work around a fertilizer factory—and that this boy was a boy of inexperience, was not objectionable as charging that it was dangerous to work about a fertilizer factory, where other parts of the charge left the question of danger to the jury.

4. *Master and Servant; Relation; Existence.*—If the presence of a boy eleven years of age in going to a fertilizer plant was pursuant to his employment there, it cannot be said, as matter of law, that he was a trespasser or licensee because he was on the premises half an hour earlier than required by his employment, since accuracy as to the time for going to work could not be expected of one of his age, especially if the employment was without the parent's knowledge.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the question required the repetition of a statement as to a matter to which the witness had already fully deposed, its exclusion was not prejudicial.

6. *Same.*—Where a witness subsequently testified fully as to the same matter inquired about in a previous question, the sustaining of an objection to such question was rendered harmless.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by William Burns against the Jefferson Fertilizer Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint contained one count, and is as follows: "Plaintiff claims of defendant the sum of $1,500 damages for that heretofore, to wit, defendant was operating and running a fertilizer factory at or near Bessemer, Ala., and, in or about the operation or running thereof, the defendant wrongfully, without the consent of plaintiff, caused plaintiff's minor son, Roosevelt Burns, who is a member of plaintiff's family, to work in or about the running or operation of said fertilizer factory at a place or at work which was highly dangerous to a person of his youth and inexperience, and, as a proximate consequence of said wrong, plaintiff's said son was injured as follows: [Here follows catalog of

injuries.] And plaintiff himself was put to great expense and trouble to heal and cure his said wounds and injuries, lost the service of his said son for a long time, his services were rendered permanently less valuable, etc., and that his said son was injured while engaged in or about such dangerous work or place."

The following is part of the court's oral charge objected to: "The allegation of this complaint says that the employment was dangerous—it was dangerous to work around a fertilizer factory—and that this boy was a boy of inexperience."

The following charges were given for plaintiff: "(a) A place of work might be dangerous to a boy under 12 years of age when it might not be dangerous to a person of mature years. (b) In considering whether or not a place of work is dangerous to a boy of 11 years, the jury may consider the natural instinct and disposition of a boy of that age."

Charges 1 and 2 refused to defendant were the affirmative charges not to find for plaintiff, and to find for defendant. The following charges were also refusel defendant: "(4) The court charges the jury that the son of plaintiff, in going into the building at the time and place when and where he was injured, was a mere trespasser or licensee, and, as such, defendant owed him no duty other than to refrain from wantonly or intentionally injuring him, or to use due care to avoid his being injured after his danger became apparent, and I further charge you that there is no evidence of any wanton or intentional injury, nor is there any evidence of defendant's failure to use due care after the danger became apparent, and therefore you must find for defendant. (5) If plaintiff's son was injured at 6:29 a. m., and it was not time for his work to start until 7 a. m., then your verdict should be for defendant."

. ESTES, JONES & WELCH, for appellant. A defendant is not liable for the independent act of strangers.—*Wilson v. L. & N.*, 146 Ala. 285; *Reaves v. Anniston K. Mills*, 45 South. 702 The complaint should have stated that defendant knew of the infant's youth and inexperience.—*L. & N. v. Wilson*, 50 South. 188. It was competent for the person in authority to state as a shorthand rendering of collective fact that he or his employers did not allow employees in his department to visit or congregate in another department or be in a separate or different department.—1 Mayf. 336; 3 Id. 468; 5 Id. 102. . The court erred in its oral charge to the jury.—*Buckalew v. T. C. I. & R. R. Co.*, 112 Ala. 146; *Conrad v. Gray*, 109 Ala. 134. The court erred in giving charges A and B for plaintiff.—*B. R. & E. Co. v. City Stables Co.*, 119 Ala. 615; *Goldsmith v. McCafferty*, 101 Ala. 663; *Montgomery Cotton Mills v. Bodwoin*, 58 South. 732. The infant was guilty of contributory negligence in going on the premises ahead of work time, and in visiting places or departments about the works where none of the duties of his employment required him to go.—17 App. Div. 116; 45 N. Y. Supp. 93; 48 L. R. A. 796; 42 Am. Rep. 208; *L. & N. v. Shamblee*, 54 South. 241.

MATHEWS & MATHEWS, for appellee. The gravamen of the charge was the employment of a minor without the consent of his parents at a place or work which was dangerous, and the count was sufficient as against the demurrers directed to it.—*Marbury L. Co. v. Westbrook*, 121 Ala. 182. The authorities cited by appellant are without application. The court properly gave charges A and B.—*Westbrook's Case, supra*. The fact that the minor went to work earlier than the time required, under the facts in this case, did not render him a

trespasser or licensee as a matter of law.—*Va. B. & I. Co. v. Gordon,* 143 Ala. 603; *L. & N. v. Shamblee,* 54 South. 683; 2 LeB. M. & S. sec. 624-5; 17 Wall. 508; 27 Atl. 65. There was conflict in the evidence as to material matters in issue and the court could not properly direct a verdict.—*Boozer v. Jones,* 169 Ala. 481.

WALKER, P. J.—Evidently in the framing of the complaint in this case use was made of the complaint set out in the opinion in the case of *Marbury Lumber Co. v. Westbrook,* 121 Ala. 179, 25 South. 914. The basis of the recovery sought is the alleged wrong of the defendant in causing the plaintiff's minor son, without the plaintiff's consent, to work at a place or at work which was dangerous to the minor, because of his youth and inexperience. As pointed out in the opinion in the case above cited, the charge involves no issue of negligence. The liability asserted is for an invasion of the parental rights of the plaintiff.

If the defendant, without the plaintiff's consent, caused the latter's minor son to work as alleged, and the son was injured in consequence, the defendant is liable to the plaintiff in damages, regardless of negligence vel non on its part, and also regardless of contributory negligence vel non on the part of the minor. As the plaintiff's right of recovery was not dependent upon his showing that the defendant was negligent in failing to warn the minor of the dangers of the employment in which he engaged, the ruling made in the case of *Louisville & Nashville R. R. Co. v. Wilson,* 162 Ala. 588, 50 South. 188, as to what is requisite to show negligence in that regard for which an employer is liable to a minor employee, is not applicable. That was a suit by the minor himself, seeking to charge the defendant with liability under the Employers' Liability Statute (Act

April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), and for the plaintiff in that case to maintain his action the averments of his complaint had to show negligence for which his employer, the defendant, was responsible. We are not of opinion that the complaint in the case at bar was subject to the demurrer which was interposed to it.

The question asked the defendant's witness Horton on his redirect examination, an objection to which was sustained, called for a repetition of a statement to which the witness had already deposed, and the defendant could not have been prejudiced by the action of the court in sustaining the objection.

The defendant was not deprived of any testimony which it was entitled to adduce as the result of the action of the court in sustaining objections to two questions to its witness John Bruce, asked on his direct examination, as subsequently the witness was permitted to state fully what was done as to forbidding or permitting employees whose work was in other parts of the factory to go into the building in which the plaintiff's son was hurt.

There is no merit in the exception reserved to a part of the court's oral charge. Plainly it was not the purpose of the court, in using the language excepted to, to assert that it was dangerous to work around the fertilizer factory. Evidently the statement had reference to what the complaint alleged. Other parts of the charge show that the question of the employment being at a dangerous place was unequivocally left for the determination of the jury from the evidence in the case.

That the court did not commit a reversible error in giving written charges A and B is shown by the ruling made in the similar case of *Marbury Lumber Co. v. Westbrook,* 121 Ala. 179, 25 South. 914.

[Jefferson Fert. Co. v. Burns.]

To cause a boy 11 years old to work in such a place as the evidence showed the defendant's fertilizer factory to be may involve peril to him, though there is no danger in the work to which he is assigned or in the particular place in which that work is done. The danger may arise from the surroundings resulting from the employment, from the opportunities and temptations it affords for the indulgence of the natural instincts and propensities of a normal boy of that age, who may be expected to expose himself to dangers there may be at other places on the premises to which he may have access either while going to or coming from his work, or at any time when he may not be under a restraining influence.

If the presence of the boy at such a place of danger at the time he was hurt may be attributed to his employment, it cannot be said, as a matter of law, that he should be regarded as a trespasser or a mere licensee because he was on the premises a half hour sooner than his attendance was required, as accuracy as to the proper time for going to the place of employment may not be expected of one of such an age, especially if his employment is without the knowledge or consent of his parents. It follows that the court was not in error in refusing to give written charges 4 and 5 requested by the defendant.

It is not necessary to inquire if the father's right to maintain his action would have been affected if, at the time his minor son was hurt, the latter was at a place to which his employer had forbidden him to go, as there was evidence tending to prove that the boy was allowed by his employer to go to the place at which he was hurt to get in out of the weather when it was cold, and that he was hurt in going there to get warm a short time before that at which he was to commence a day's work.

There was evidence tending to support the material averments of the complaint, and the court was not in error in refusing to give written charges 1 and 2 requested by the defendant.

Under the rules applicable to the review on appeal of the action of a trial court on a motion for a new trial, it cannot be said that the record shows that the court was in error in overruling the defendant's motion for a new trial.

Affirmed.