(85 South. 278)

## ALLEN v. ALGER–SULLIVAN LUMBER CO. (3 Div. 407.)

(Supreme Court of Alabama. Jan. 22, 1920. Rehearing Denied Feb. 12, 1920.)

**1. Master and servant ⬦⟹227(1)—Contributory negligence not applicable to action for wrongful employment of minor child.**

Where father's count for death of son, defendant's employé, rested on employment of son in dangerous work without plaintiff father's knowledge and consent, and his injury and death as a consequence thereof, plea of contributory negligence was improperly allowed as a defense to such count, which did not rely on negligence.

**2. Master and servant ⬦⟹95—Employer of minor in alleged dangerous work held entitled to affirmative charge.**

In a father's action for death of his minor son as employed by defendant in dangerous work, without the father's knowledge or consent, where, so far as it appears, the work the boy was employed on was entirely safe, and it does not appear he was injured on account of any part of defendant's work being attractive, or that he was enticed to the place of his injury, etc., defendant was entitled to the affirmative charge.

**3. Death ⬦⟹46—Counts of father's complaint for death of minor son held to state cause of action for punitive damages.**

Counts of complaint of father against company which employed minor son, resting on negligence of company and not on employment in dangerous work, nor on the Employers' Liability Act, *held* to state a cause of action for punitive damages under Code 1907, § 2485.

**4. Appeal and error ⬦⟹1040(6)—Sustaining demurrer to counts of father against son's employer, prejudicial.**

In a father's action for death of his minor son in employment, error in sustaining demurrers to counts grounded on negligence, and drawn under Code 1907, § 2485, *held* prejudicial to plaintiff father; the cause having been tried only on the issue of employment in hazardous work presented by another count.

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Action by Hays Allen against the Alger-Sullivan Lumber Company for damages for death of his minor son in employment. From judgment for defendant, plaintiff appeals. Reversed and remanded.

Appellant sued appellee to recover damages for the death of his son Rupert Allen, a minor between 14 and 15 years of age, who was in the employ of the defendant company. Counts 1 and 3 as amended, after alleging the wrongful employment of the son by the defendant without plaintiff's consent, sought recovery upon the theory of the negligence of the defendant, its agents or servants while acting within the scope of their employment, in that said agents or servants negligently cut down a tree which in its fall produced the death of plaintiff's son. Demurrer to counts 1 and 3 as amended was sustained. Count 2 as amended relied for recovery upon the theory that the defendant had employed plaintiff's minor son, without plaintiff's consent, to work in and about the operation of a timber and logging business which was highly dangerous to a person of his youth and inexperience; and that plaintiff's son was killed while engaged in such dangerous work. Demurrer to the second count as amended was overruled.

The defendant interposed a plea of not guilty, and also special plea, numbered 2, of contributory negligence—demurrer to which was overruled.

The cause was tried upon count 2 as amended, the plea of general issue, and contributory negligence thereto. At the conclusion of the evidence the affirmative charge was given in favor of the defendant, and from the judgment following the plaintiff prosecutes this appeal.

The evidence tended to show the age of the boy to have been between 14 and 15 years. But there seems to have been some dispute as to whether he was employed by the defendant without the knowledge or consent of plaintiff. The evidence further shows that plaintiff's son was employed as a "wood chuck"; it being his duty to cut wood behind the skidder, a machine which pulls the logs from the woods. There is no evidence going to show that the place where the boy was employed to work was at all dangerous; nor that the skidder would be of danger—on account of which he suffered no injury. About 800 feet from where plaintiff's son was engaged, other employés of the defendant company were felling trees, and the evidence tends to show that the boy left his place of employment and went to the place where the trees were being cut to "get up a game" with some of the hands, and while there a tree was felled which produced his death.

Hybart, Hare & Ratcliffe, of Monroeville, for appellant.

The court erred in overruling demurrer to amended plea No. 2. 121 Ala. 179, 25 South. 914. The defendant was not entitled to the affirmative charge as given by the court. 10 Ala. App. 301, 64 South. 667; 169 Ala. 534, 53 South. 754.

Hamilton & Page, of Evergreen, for appellee.

Assignment of error simply restated, without argument or elaboration, is waived. 136 Ala. 475, 34 South. 970, and cases there cited. In any event the court properly sustained demurrer to count 1. 164 Ala. 216, 51 South. 419, 20 Ann. Cas. 822; 128 Ala. 556, 29

---

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 584. Plea 3 was a good plea. 194 Ala. 317, 69 South. 960; 156 Ala. 304, 47 South. 64. The affirmative charge was properly given. 153 Ala. 205, 44 South. 974; 155 Ala. 379, 46 South. 456; 156 Ala. 307, 47 South. 64; 90 Ala. 13, 7 South. 756; 185 Ala. 648, 64 South. 557.

GARDNER, J. [1] Count 2 as amended rested for recovery upon the employment by the defendant of the plaintiff's minor son to engage in dangerous work, without plaintiff's knowledge or consent, and his injury and death as a consequence thereof.

This count did not rely upon the doctrine of negligence, and the plea of contributory negligence was improperly allowed as a defense thereto. Marbury Lbr. Co. v. Westbrook, 121 Ala. 179, 25 South. 914; Huntsville Knitting Mills v. Butner, 194 Ala. 317, 69 South. 960. But it is insisted that, if demurrer to this plea was improperly sustained, it was without injury for the reason that the affirmative charge was due the defendant on account of the failure of proof on the part of the plaintiff that the boy was employed or engaged in a dangerous work.

The boy was between 14 and 15 years of age, and was engaged to cut wood back of the skidder, which work, as well as his surroundings, so far as this record shows, were entirely safe. Nor does it appear that he .was injured on account of any part of defendant's work being attractive, nor that he was enticed to the place of his injury, but merely left his place of employment and went to where they were cutting down trees, which was several hundred feet away, in an effort to engage some of the hands in a game. [2] We are therefore persuaded that, under these circumstances, the defendant was due the affirmative charge upon count 2 as amended. Tenn. C. I. & R. R. Co. v. Crotwell, 156 Ala. 304, 47 South. 64. There is nothing in Jefferson Fert. Co. v. Burns, 10 Ala. App. 301, 64 South. 667, upon which appellant relies, at all at variance with this conclusion.

[3] However, we are of the opinion that the cause must be reversed for the ruling of the court in sustaining the demurrer to counts one and three as amended. These counts presented an entirely different issue from that set up in the second count, as they rested for recovery upon the negligence of the defendant company, and the suit by the father was authorized under section 2485 of the Code of 1907. These counts make no attempt to state any cause of action under the Employers' Liability Act (Code 1907, §§ 3910-3913; Woodward Iron Co. v. Cook, 124 Ala. 349, 27 South. 455), but are rested upon said section 2485, under which the recoverable damages are punitive and not compensatory as held in L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 58 South. 392.

[4] This is said in answer to some of the assignments of demurrer. Counts 1 and 3 as amended were not subject to any demurrer interposed thereto, and the court committed error in sustaining the same. This error must result in a reversal, for, as previously stated, these counts were drawn as provided by said section 2485, and presented the issue of negligence which was not involved in count 2, upon which the cause was tried. The plaintiff was therefore deprived of having this issue presented for determination, and we are unable to see where the rule of error without injury can be here applied. The ruling of the court upon the demurrer to these counts was assigned as error, and in brief of counsel it is insisted that these counts were sufficient under said section 2485 of the Code. In our opinion these assignments are sufficiently argued in brief, and further discussion here is therefore unnecessary.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes