(91 South. 77)

### VAUGHN v. DWIGHT MFG. CO.
(7 Div. 212.)

(Supreme Court of Alabama. Oct. 27, 1921.)

**1. Appeal and error ⬤⟞1099(8)—Decision on former appeal is law of the case where the evidence is the same.**

A decision on former appeal that the evidence was sufficient to make it a jury question whether the negligence was that of defendant or that of an independent contractor is determinative of that issue on a subsequent appeal, where the evidence was not materially changed.

**2. Negligence ⬤⟞136(9)—Question for jury.**

Negligence is a question of law for the court only when the facts are such that all reasonable men must draw the same conclusions from them, and is a question for the jury when the state of facts is such that reasonable minds may fairly differ upon the question.

**3. Appeal and error ⬤⟞1099(7)—Evidence as to negligence held more specific than that held insufficient on former appeal.**

On appeal by plaintiff from a verdict directed for defendant, evidence introduced at the second trial, after a verdict for plaintiff was reversed for insufficiency of the evidence as to negligence, held more definite and specific on the issue of negligence, so that such issue was not concluded by the former decision.

**4. Master and servant ⬤⟞286(27)—Superintendent's negligence in hoisting lumber held for jury.**

Evidence that the superintendent in charge of a building construction directed the unloading of a car of lumber, and had it placed on a platform under the sling by which it was to be raised to the roof, with the ends projecting over the edge of the platform so that a piece, falling from the sling and striking the ends, would cause timbers in the pile to fly up, held sufficient to take to the jury the issue of the superintendent's negligence.

**5. Negligence ⬤⟞59—Test of proximate cause stated.**

A person guilty of negligence is responsible for all the consequences which a prudent and experienced man, sufficiently acquainted with all the circumstances which, in fact, existed, whether they could have been known by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind.

**6. Master and servant ⬤⟞285(11)—Superintendent's negligence in hoisting timbers as proximate cause of injury held for jury.**

Evidence *held* sufficient to take to the jury the issue whether the negligence of defendant's superintendent, in piling lumber with the ends projecting over the edge of a platform under a sling, was the proximate cause of injuries received when a piece of lumber fell from the sling upon the end of the pile and caused another piece to fly up and injure plaintiff.

**7. Master and servant ⬤⟞139—Rule as to remote and intervening causes held inapplicable.**

The rule that the law considers only the proximate and not the remote cause, and that a cause merely creating a condition after which an intervening agency produces the injury is not the proximate cause, has no application where the injury resulted from the falling of a piece of lumber from a sling upon lumber, negligently placed upon the platform, so that it flew up and struck an employee.

**8. Parties ⬤⟞95(1)—Proceeding against master alone on second trial after verdict for fellow servant held proper.**

Where an action for injuries to a servant was originally instituted against the master and a fellow servant, and the fellow servant was eliminated under his plea by verdict in his favor at the first trial, there was no error in permitting plaintiff, before the second trial, to eliminate the fellow servant as a party.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by J. A. Vaughn against the Dwight Manufacturing Company, a corporation, and another. Judgment for the named defendant, and the plaintiff appeals. Reversed and remanded.

On the second trial W. T. Christopher was eliminated as a party defendant. The following are the counts of the complaint referred to in the opinion:

(3) The plaintiff claims of the defendant the sum of $20,000 damages, for that, on and prior to the 27th day of November, 1917, the defendants were engaged in the erection of a large three-story building at Alabama City, Ala.; that on, to wit, the 27th day of November, 1917, the plaintiff was in the service or employment of the defendants at said building under one R. S. Kershaw as superintendent or foreman, engaged in hoisting heavy planed timber or lumber from the ground or floor to the roof of said building, by means of a rope sling placed around such timber or lumber, which said rope sling was then attached to a hook and then hoisted by means of rope and tackle to said roof; that the plaintiff, while actively engaged in the duties of his employment on said ground floor, a piece of timber or lumber so being hoisted, when near said roof, suddenly fell and struck another piece

of said timber or lumber, causing said last-named piece to fly up and strike plaintiff on the left side of his head, knocking out the left eye of plaintiff and seriously fracturing plaintiff's skull, rendering him unconscious for a long period of time; as proximate cause of said injuries, plaintiff suffered great mental and physical pain, incurred large doctor's and hospital bills in seeking to be cured of said injuries; that plaintiff's left side and arm are practically paralyzed; lost a long time from his daily avocation; is permanently disfigured, and permanently injured for life, and is permanently rendered less able to earn money, all to his damage as aforesaid. Plaintiff avers that said injuries and damages proximately were caused by the negligence of R. S. Kershaw, a person in the service or employment of the defendants who had superintendence intrusted to him, and, whilst in the exercise of such superintendence in this, that said R. S. Kershaw negligently permitted or allowed lumber or timber to be placed at the point where plaintiff was so engaged in hoisting the same, so that, in the event one of the said pieces fell, it would strike the same and cause the same to fly up and likely injure plaintiff; that said superintendent knew, or by the exercise of reasonable diligence would have known, that such timbers were likely to fall and strike said timbers placed so near the place where plaintiff was so engaged in said work of hoisting lumber.

(5) Plaintiff as a part of count No. 5 adopts all of count No. 1 from its beginning down to and including the words, "all to his damage as aforesaid," and by adding thereto the following: Plaintiff's injuries and damages were approximately caused by reason of the negligence of R. S. Kershaw, who was in the service or employment of the defendants and who had superintendence intrusted to him, and whilst in the exercise of such superintendence, in this, that R. S. Kershaw knew, or by the exercise of reasonable diligence would have known, that in hoisting such timbers with said sling rope, that it was likely to fall, yet, with such knowledge negligently allowed or permitted other timbers to be placed so near that, in the event such timber fell, it would strike such other timbers and cause them to fly up and likely injure plaintiff, and plaintiff was so injured.

(7) The plaintiff, as a part of count 7, adopts all of count 1 from its beginning down to and including the words, "all to his damage as aforesaid," and by adding thereto the following: Plaintiff avers that said damages and injuries were proximately caused by the negligence of one R. S. Kershaw, who was in the service or employment of the defendants, and who had superintendence intrusted to him, and whilst in the exercise of such superintendence, in this, that said R. S. Kershaw as such superintendent furnished said sling, and knew, or by the exercise of rea-

sonable diligence should have known, that, in hoisting heavy planed timber, with said sling, it would likely slip and fall; and, with such knowledge, he directed that the lumber so to be hoisted be placed so near the place where plaintiff and others were engaged in hoisting said timbers or lumber, that, in the event a piece of timber or lumber slipped and fell, it would likely strike such timbers so placed near said hoisting place and cause them to fly up and injure plaintiff, and plaintiff was so injured.

Count 11: The plaintiff adopts all of count 1 from its beginning down to and including the words, "and is permanently rendered less able to earn money, all to his damage as aforesaid," and by adding thereto the following: Plaintiff avers that said damages and injuries were proximately caused by reason of the negligence of one R. S. Kershaw, who was in the service or employment of the defendant, and who had superintendence intrusted to him, and whilst in the exercise of such superintendence in this, that said R. S. Kershaw knew or by the exercise of a reasonable diligence would have known, that, in hoisting such timbers with such sling rope, it was likely to fall, yet, with such knowledge, negligently allowed or permitted other timbers to be placed so near and across a platform that parts of such timber reached beyond the edge of said platform, that, in the event any such timber being hoisted fell, it would strike such other timbers extending beyond such platform and cause them to fly up and likely injure the plaintiff, and plaintiff was so injured.

The other facts sufficiently appear.

P. E. Culli, of Gadsden, for appellant.

The court erred in giving the affirmative charge. 203 Ala. 41, 81 South. 831; 135 Ala. 533, 33 South. 332; 196 Ala. 147, 72 South. 80; 79 Ala. 84. The counts of the complaint, submitted to the jury, each stated a good cause of action. 203 Ala. 462, 83 South. 327. The judgment could not be amended nunc pro tunc. 203 Ala. 463; 127 Ala. 227, 29 South. 598, 70 Ala. 291. The question of negligence was one for the jury. 158 Ala. 381, 48 South. 93; 193 Ala. 614, 69 South. 137; 202 Ala. 87, 79 South. 479; 203 Ala. 291, 82 South. 534. The evidence was somewhat different from that on former appeal. 203 Ala. 462, 83 South. 327.

Dortch, Allen & Dortch and O. R. Hood, all of Gadsden, for appellee.

The two counts added by amendment rest for recovery on the same matter set up in counts 3 and 5, and this decision is ruled by the former one. 203 Ala. 462, 83 South. 327. The protruding timbers were self-evident, and the order of Kershaw was no excuse. 202 Ala. 252, 80 South. 90; 199 Ala. 177, 74 South. 246; 131 Ala. 81, 31 South. 444. Construction work involves larger incidental

risks than when working with completed instrumentality. 192 Ala. 651, 68 South. 1008; 166 Ala. 482, 52 South. 86. The placing of the timber complained of was not the proximate cause of the injury. 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; 196 Ala. 634, 72 South. 254; 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127; 255 U. S. 455, 41 Sup. Ct. 381, 65 L. Ed. 465. The court properly directed a verdict for the defendant. 183 Ala. 132, 62 South. 757; 197 Ala. 473, 73 South. 33; 199 Ala. 250, 74 South. 341; 203 Ala. 462, 83 South. 327.

THOMAS, J. This suit was for personal injury. The first appeal is reported in 203 Ala. 462, 83 South. 327.

The last trial was had on counts 3 and 5 of the original complaint, and counts 7 and 11 added on the second trial. The general affirmative charge was given at the request of defendant.

[1] Appellee insists that one Christopher, as an independent contractor, and not Dwight Manufacturing Company, was engaged in erecting the said building when and where plaintiff was injured. The evidence was discussed on former appeal and held sufficient to make a jury question whether the negligence that injured appellant was that of an independent contractor or of defendant, and is not materially changed. Dwight Mfg. Co. v. Vaughn, supra; Republic I. & S. Co. v. McLaughlin, 200 Ala. 204, 75 South. 962; Hubbard v. Coffin & Leak, 191 Ala. 494, 67 South. 697; Republic I. & S. Co. v. Luster, 192 Ala. 501, 68 South. 358; Warrior-Pratt C. Co. v. Shereda, 183 Ala. 118, 62 South. 721; Harris v. McNamara, 97 Ala. 181, 12 South. 103.

It may be well to note that the gravamen of the amended counts was (of count 7), that:

"Such superintendent furnished said sling, and knew, or by the exercise of reasonable diligence should have known, that, in hoisting heavy planed timber with said sling, it would likely slip and fall, and, with such knowledge, he directed that the lumber so to be hoisted be placed so near the place where plaintiff and others were engaged in hoisting said timber or lumber, that, in the event a piece of timber or lumber slipped and fell, it would likely strike such timber so placed near said hoisting place and cause them to fly up and injure plaintiff, and plaintiff was so injured"

—and (of count 11) that:

"Plaintiff avers that said damages and injuries were proximately caused by reason of the negligence of one R. S. Kershaw, who was in the service or employment of the defendant, and who had superintendence intrusted to him, and whilst in the exercise of such superintendence in this, that said R. S. Kershaw knew, or by the exercise of a reasonable diligence would have known, that, in hoisting such timbers with said sling rope, it was likely to fall, yet with such knowledge negligently allowed or permitted other timbers to be placed so near and across a platform that parts of such timber reached beyond the edge of said platform, that, in the event any such timber being hoisted fell, it would strike such other timbers extending beyond such platform and cause them to fly up and likely injure the plaintiff, and plaintiff was so injured."

The duty of the court in giving or refusing the general affirmative charge requested often discussed need not be repeated. McMillan v. Aiken, 205 Ala. 35, 88 South. 135; Houston v. Elrod, 203 Ala. 41, 81 South. 831; Willingham v. B. R. L. & P. Co., 203 Ala. 351, 83 South. 95; Ellard v. Goodall, 203 Ala. 476, 83 South. 568; Carpenter & Co. v. Naftel, 203 Ala. 487, 83 South. 471.

In Wheeler v. Standard Steel Co., 196 Ala. 634, 72 South. 254, and Southern Railway Co. v. Carter, 164 Ala. 103, 51 South. 147, was approved the much-quoted definition of negligence contained in Blythe v. Birmingham Waterworks, 11 Ex. Rep. 784. The many times affirmed rule of the Armstrong Case, 123 Ala. 233, 26 South. 349, is:

"The logical rule in this connection, the rule of common sense and human experience as well (if indeed there can be a difference between a logical doctrine and one of common sense and experience, as some authorities appear to hold), is that a person guilty of negligence would be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind." 1 Shear. & Redf. Negl., § 29; Armstrong v. Montg. St. Ry. Co., 123 Ala. 233, 249, 250, 26 South. 349, 354; Hammett v. B. R. L. & P. Co., 202 Ala. 520, 81 South. 22; W. U. Tel. Co. v. Favish, 196 Ala. 4, 71 South. 183.

Giving the plaintiff's evidence the weight to which it is entitled, in connection with the undisputed facts shown by defendant, was it sufficient to authorize a finding by the jury that the timber or lumber so piled and hoisted when and as it was, by direction of the superintendent and as averred in the counts, that it was reasonably probable that a piece of such timber being so hoisted would fall and strike a piece of timber so piled causing it to strike plaintiff to his injury, and that such facts were known, or should have been known, to said superintendent in charge? Otherwise stated, was the evidence such as that it made a jury question of the negligence of the superintendent in so removing the timber from the car and placing it upon the platform and causing it to be hoisted to the building by the instrumentalities or agencies there employed, and that as to this the superintendent, Kershaw, did otherwise than a reasonable man would have done under the circumstances guided by those considerations which ordinarily regulate the conduct of human affairs, or failed

to do anything that a reasonable man would anticipate as causing or subjecting to additional danger defendant's employees engaged in hoisting the timber to the building?

[2] Tested by the foregoing rule, was the affirmative charge properly given on the issues of negligence as averred in each of said counts? The question of negligence *vel non* is one for the jury or for the court under the rule announced in Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485 (Hackfeld & Co. v. U. S., 197 U. S. 442, 25 Sup. Ct. 456, 49 L. Ed. 826; B. & O. Ry. v. Griffith, 159 U. S. 603, 16 Sup. Ct. 105, 40 L. Ed. 274; Warner v. B. & O. Ry., 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491; T. & P. Ry. v. Gentry, 163 U. S. 353, 16 Sup. Ct. 1104, 41 L. Ed. 186), and quoted with approval in B. S. Ry. Co. v. Harrison, 203 Ala. 284, 292, 82 South. 534; White Swan Ldy. Co. v. Wehrhan, 202 Ala. 87, 88, 79 South. 479; Reaves v. Maybank, 193 Ala. 614, 618, 69 South. 137; B. R. L. & P. Co. v. Williams, 158 Ala. 381, 388, 48 South. 93. Concisely stated, the question is one of law for the court only when the facts are such that all reasonable men must draw the same conclusion from them, and for the jury when the state of facts is such that reasonable minds may fairly differ upon the question whether there was negligence or not.

[3, 4] The action of the trial court in giving the affirmative charge for defendant as to each count is affirmation of the fact that Kershaw, as superintendent, acted as a reasonable, prudent man would have acted (1) in ordering, directing, or permitting the timber or lumber unloaded from the car to be placed on the platform so as to extend beyond and into the open space between the platform and the house and under or near the point where the same was being hoisted from that platform to the building, by direction of same superintendent, by means of a rope and the use of the loop in securing and fastening the timber as each piece was moved; and (2) in requiring it to be so removed. Appellee says that such was the former decision; and appellant affirms that a difference in evidence exists. Of the evidence on former appeal Mr. Justice Gardner merely observed that:

"Plaintiff was one of the workmen assisting in hoisting lumber from a platform, which was a few feet from the ground floor of the building, to the roof of the building, which was 40 or 50 feet high. The platform was 4 or 5 feet above the ground, and even with the bottom floor, just outside of the building. The lumber was loaded on the platform from a railroad car standing near by. * * * The lumber was so placed on the platform as to be almost directly under the piece of lumber being hoisted."

Appellant says that it was not made to appear on the former appeal that this timber was so placed on the platform that it "extended beyond the edge of the platform."' The evidence on last trial showed that the' platform was 12 to 15 feet north of the wall of the Picker Building, with an open space between; that the lumber or timber, as unloaded from the car by direction of the superintendent was placed across the platform so as' to extend over the open space and under the place where the appliance for hoisting was being operated. Of this the superintendent testified:

"I instructed them to load it across the platform where they could get to it to put the sling on. Told them to lay it across the platform and saw them lay it there. They could not put it too far across the platform or it would swing, and as it was I had to have a man to steady it up, and had a tail line on it to steady it up. * * * I saw them loop the timber and I instructed them how to do it. * * * The lumber was taken off of the car under my directions and placed across the platform, in placing it that way it stuck over the space between the wall and the south edge of the platform. It came within 6 or 8 feet of the wall. That space between the south edge of the platform and the wall is 12 to 15 feet. The timbers stuck over 6 or 8 feet beyond the platform."

Of the method of hoisting lumber and timber adopted on this occasion, Mr. Kershaw testified that it was the quickest and safest method he had found; and, in reply to the question, "It will slip occasionally?" he answered:

"Yes, sir, another piece slipped there that night. I don't know that I had seen other pieces slip and fall. A double loop is just as apt to slip as the other, single, if you don't take pains and put it on there right. It will slip with a double loop because you don't get the tension, because there are more strands to the sling. * * * A single loop would not let it fall where you are taking up the lumber horizontally. * * * It was necessary to send the timbers up perpendicularly. Vaughn was steadying it. I knew that Vaughn raised one end of the timber while Merritt put the sling under it, and Vaughn steadied it until it got beyond his reach, when he stepped back."

A reference to the record on first appeal disclo. es that plaintiff failed to testify how the lumber was piled on the platform; Dan Connor testified merely that the timber on the platform projected over the platform; that the piece of timber that fell "came down in a kind of slope, * * * hit the timber pile on the platform, which stuck out over the edge of the platform * * * and bounced it up, * * * and hit Vaughn." Holcombe testified that the timbers being raised were across the platform, "kind of balancing," and that "the piece of timber fell and hit one of the timbers on the platform, and it flew up and hit Vaughn, who was standing on the far side of the platform from the wall" of the Picker Building. Superintendent Kershaw testified that a part of

the lumber hoisted was in the car and part of it was across the platform, and that the car was standing alongside of the platform, and that the lumber was put on the platform under his instruction.

After an examination of the former record and its comparison with this record, we are impressed that the testimony on former appeal was not so specific as on present appeal, as tending to show a lack of reasonable diligence on the part of the superintendent in the ·manner of moving the lumber from the car to the top of the building. There was error in giving the affirmative charge for defendant as to count 11.

On former appeal the question of proximate cause of the injury under the authorities (Western Railway v. Mutch, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; Armstrong v. Montgomery Street Railway, 123 Ala. 233, 249, 26 South. 349; Wheeler v. Standard Steel Co., supra; Garrett v. L. & N., 196 Ala. 52, 71 South. 685; Allen v. Alger-Sullivan Lbr. Co., 204 Ala. 92, 85 South. 278; Id., 205 Ala. 352, 87 South. 442; Woodward Iron Co. v. Gamble, 203 Ala. 20, 81 South. 810; Briggs v. B. R. L. & P. Co., 188 Ala. 262, 66 South. 95) was not decided. The justice observed: "This question, however, we need not, and do not, determine, as in this case we do not reach that point."

[5, 6] Tested by the rule obtaining in this court that "a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which, in fact, existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind," we are of opinion that the question of negligence vel non of the superintendent and, if so, whether it was the proximate cause of plaintiff's injury, should have been submitted to the jury under count 11.

[7] It may be well to add of proximate cause that the rule that, where there are two or more causes of an injury, the law will only consider the proximate cause and not the remote cause; and that where one cause merely created the condition and after the condition had been created an intervening agency produced injury, the first cause held not the proximate cause (Garrett v. L. & N., supra), has no application here. In Garrett's Case the action was based upon the wrongful death of plaintiff's minor son, for that defendant wrongfully employed him, without plaintiff's consent, at a dangerous work, and that death resulted therefrom. In Western Railway v. Mutch, supra, the proximate cause of the injury was ascribed, not to the speed of the train, but to plaintiff's conduct in jumping on such moving train. Here the negligence charged is that of the superin-

tendent, in the discharge of his superintendence, in the wrongful conduct, or permission of the conduct, of the work of removing timbers from the car to the top of the building in a manner and by the means and agencies that caused plaintiff's injury. As to this question a determination by the jury was necessary.

[8] The agent being eliminated under his plea by the former verdict, the questions presented in Wright v. McCord, 205 Ala. 122, 88 South. 150, are without application, and there was no error in eliminating the fellow servant as a party defendant and proceeding alone against the principal on second appeal. The judgment is reversed, and the cause remanded.

Reversed and remanded. .

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.