(102 So. 431)

MEADOWS v. DU BOSE IRON CO. et al.
(6 Div. 281.)

(Supreme Court of Alabama. Dec. 18, 1924.)

1. Parent and child ⚌7(1, 10)—Parent has right of action for injuries sustained by minor in "dangerous" or "hazardous" work, without parent's consent; right of action for injuries not defeated by contributory negligence.

Parent has right of action for injuries sustained by minor while employed by another at dangerous or hazardous work, without parent's consent, which right is not defeated by minor's contributory negligence; "hazardous" and "dangerous" meaning work that would ordinarily be dangerous or hazardous, taking into consideration age and experience of minor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dangerous; Hazardous.]

2. Parent and child ⚌7(14)—Instructions requiring that plaintiff's minor child must have been engaged in hazardous or highly dangerous work held erroneous.

In parent's action for injuries to minor child employed by another without parent's consent, instruction requiring that work be "hazardous or highly dangerous" was erroneous, as implying that "hazardous," correct in itself, was synonymous with "highly dangerous."

3. Appeal and error ⚌1048(5)—Overruling objection to question not reversible error, where question was corrected and answer did not invade province of jury.

Overruling objection to question whether there was anything extraordinarily dangerous about car at which plaintiff's son was working when injured was not reversible error where before answer it was repeated, and word "extraordinarily" omitted, and the answer did not invade province of jury, but described condition of car as witness saw it.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by George W. Meadows against the Du Bose Iron Company and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The plaintiff sues the defendant as a corporation and as a partnership, and also the individual members composing the partnership, alleging injuries to his minor son proximate-

ly caused by the wrongful conduct of the defendants in wrongfully and without the knowledge or consent of the plaintiff employing said minor to work in and about the repairing of automobiles; and that at the time injury was inflicted said minor was so employed, which work was dangerous to said minor, and said injuries were proximately caused by reason of said dangers attendant on said work. It appears that at the time plaintiff's son was cranking an automobile; that the engine kicked back, the crank striking his arm and breaking it.

On the cross-examination of plaintiff's witness Smith this question was propounded: "Was there anything extraordinarily dangerous about that car that you knew or saw?" meaning the car at which plaintiff's son had been working. The plaintiff objected to this question. The court overruled the objection, and the question was asked in this form: "Dangerous that he knew or could see about that car?" Over plaintiff's objection the witness was permitted to answer: "Nothing I could see, only the horn wire was disconnected, it arced on the wheel, the electricity, touching together, making a flash." Plaintiff's motion to exclude this answer was overruled.

Plaintiff excepted to these portions of the court's oral charge:

"If you do not find that defendants employed plaintiff's minor son to do hazardous or highly dangerous work, then you would be authorized to find your verdict for the defendants."

"If the defendants put the plaintiff's son to work at a hazardous or highly dangerous work, without the consent of the plaintiff, and plaintiff's son was injured while at work at such hazardous or highly dangerous work, and you find from the evidence that the placing of plaintiff's said minor son to work at hazardous or highly dangerous work, if you should find the defendants did so place said minor son to work, and you find that such placing of said minor son at such hazardous or highly dangerous work was the proximate cause of the alleged injuries, then you would be authorized to find your verdict for the plaintiff."

W. A. Denson, of Birmingham, for appellant.

The oral charge of the court was erroneous in the use of the term "highly dangerous." Marbury Lbr. Co. v. Westbrook, 121 Ala. 183, 25 So. 914; Huntsville Knitting Mills v. Butner, 194 Ala. 325, 69 So. 960; Dimmick Pipe Works v. Wood, 139 Ala. 285, 35 So. 885.

Rudulph & Smith, of Birmingham, for appellees.

The oral charge of the court must be construed as a whole. Decatur Co. v. Mehaffey, 128 Ala. 242, 29 So. 646; Reiter Conley Mfg. Co. v. Hamlin, 144 Ala. 192, 40 So. 280. The

212 ALA.—19

terms "hazardous" and "dangerous" are synonymous. Standard Dictionary.

ANDERSON, C. J. [1, 2] It is a well-settled legal principle that a parent has a right of action for injuries sustained by a minor while employed by another at a dangerous or hazardous work or business without the consent of the parent. And this right is not defeated because of the contributory negligence of the minor. Marbury Lumber Co. v. Westbrook, 121 Ala. 179, 25 So. 914; Dimmick Pipe Works v. Wood, 139 Ala. 285, 35 So. 885; Williams v. S. & N. R. Co., 91 Ala. 635, 9 So. 77. The decisions and text-books in this connection use the words "hazardous" and "dangerous" interchangeably, and mean a work or business that would ordinarily be dangerous or hazardous, taking into consideration the age and experience of the minor. We find nothing in the books requiring that the work or business must be highly dangerous, and we think those parts of the oral charge as excepted to and postulating "highly dangerous" were erroneous and not merely misleading. True, the words "hazardous" and "highly dangerous" were in the alternative, and the jury could have found for the plaintiff if the work was hazardous, whether highly dangerous or not, and as above noted "hazardous" and "dangerous" in this connection meant the same, but this did not cure the error, as the trial court, in effect, treated "hazardous" as synonymous with "highly dangerous," and the jury could have inferred that "hazardous" meant "highly dangerous," and not merely "dangerous" to one of the age and experience of the plaintiff's minor son. In other words, the trial court repeated and emphasized the fact that in order for the plaintiff to recover the work must have been "hazardous" or "highly dangerous"; thus, in effect, instructing the jury that "hazardous" meant "highly dangerous."

[3] We do not think that the trial court committed reversible error in ruling upon the objections to the questions on cross-examination to the witness Smith. True, the question as first asked sought to know if he saw anything "extraordinarily dangerous" about the car, but before answer the question was repeated and extraordinarily was omitted, and the answer did not invade the province of the jury as it described the condition of the car as he saw it. Nor did the trial court commit reversible error as to the other rulings upon the evidence.

For the error above pointed out the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.